[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Civ.R. 11(C) (2) (a) requires the court, before accepting a guilty plea, to inform the defendant of the maximum sentence he can receive, not the sentence that will be actually imposed. See State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295. In this case, the trial court properly informed appellant of the maximum sentence he could receive for a conviction for burglary pursuant to R.C. 2911.12. Further, our review of the record shows that the trial court strictly complied with the provisions of Crim.R. 11(C) regarding the constitutional rights enumerated in Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709, that appellant would be waiving by pleading guilty and substantially complied with the rule in all other respects. SeeState v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115; Statev. McCann (1997), 120 Ohio App.3d 505, 698 N.E.2d 470. The trial court conducted a meaningful dialogue to determine whether appellant's guilty plea was made knowingly and voluntarily, and, therefore, the trial court did not err in accepting appellant's plea. See State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.