JOURNAL ENTRY AND OPINION
Defendant-appellant, Raymond Hardy appeals his conviction in the Cuyahoga County Common Pleas Court of robbery. For the reasons set forth below, we affirm.
On August 28, 1998, appellant was indicted on one count of robbery in violation of R.C. 2911.02. The case proceeded to a jury trial on December 3, 1998.
The state called three witnesses. Neil Anderson testified that he is a security guard for Finast Supermarkets. Anderson testified that on July 22, 1998 at approximately 6:00 p.m., he was sitting in the upstairs security office at the Finast store located at 11501 Buckeye Avenue, monitoring activities in the store via a closed-circuit television. Anderson testified that he observed appellant, who was carrying a backpack on his shoulder and using a cane, enter the store. Appellant walked with a limp. Anderson watched appellant walk to the seafood aisle, pick up six bags of jumbo shrimp, walk around to the baby food aisle and put the bags of shrimp in his backpack.
Anderson, who was wearing a uniform, then came downstairs. According to Anderson, when appellant saw Anderson looking at him, he suddenly picked up his cane and ran out of the store. Anderson chased after appellant and caught him as he was trying to scramble up an embankment in the parking lot. Anderson testified that he struggled with appellant until another security guard, who was able to help him subdue appellant, arrived.
On cross-examination, Anderson admitted that he did not include any mention of a cane in his written report regarding the incident but testified that "the cane was in one hand, and he was striking me directly with the cane. And then he was kicking me at the same time I am pulling his leg."
Matthew Merrell testified that he was working as a supervisor for Upton Security, a private security firm, on July 22, 1998. As part of his duties that day, Merrell drove to Buckeye Plaza, where the Finast store is located.
According to Merrell, as he drove through the parking lot and approached Finast, he observed Anderson chasing appellant out of the store and through the parking lot. Merrell testified that he drove his car over to where Anderson and appellant were struggling on the embankment. He got out of his car and tried to help Anderson "gain control" over appellant. According to Merrell, appellant "was kicking his feet * * * attempting to kick the guy (Anderson)." Merrell testified that he ordered appellant three times to stop resisting. When appellant continued to struggle, Merrell pepper sprayed him. Merrell and Anderson then handcuffed appellant. Shortly thereafter, a Cleveland police officer arrived.
On cross-examination, Merrell testified that he never saw appellant strike Anderson with his cane. He also testified that from his observation of appellant's struggle with Anderson, he did not know whether appellant was trying to kick Anderson or "just flailing his kicking."
Cleveland police officer Michael Slatkovsky testified that he was on duty on July 22, 1998, at approximately 6:00 p.m., when he received a radio assignment to proceed to Buckeye Plaza. Slatkovsky found appellant, Anderson and Merrell on the embankment in the parking lot and arrested appellant.
Appellant did not call any witnesses in his defense at trial.
The jury returned a guilty verdict and the trial court sentenced appellant to two years of incarceration.
Appellant timely appealed, assigning three assignments of error for our review:
 I. RAYMOND HARDY'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WAS DENIED WHEN HE WAS CONVICTED OF AND SENTENCED FOR ROBBERY UNDER R.C. 2911.(A)(2) ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN INSTRUCTING THE JURY ON ROBBERY UNDER R.C. 2911.02(A)(3) INSTEAD OF UNDER R.C. 2911.02(A)(2).
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PRESERVE THE WRITTEN JURY INSTRUCTIONS AS PART OF THE RECORD FOR APPELLATE REVIEW.
In his first assignment of error, appellant challenges the sufficiency of the evidence supporting his conviction.
A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins (1997),78 Ohio St.3d 380, 390. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991). 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant was charged with violating R.C. 2911.02(A)(2), which provides, in pertinent part, that "no person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * inflict, attempt to inflict, or threaten to inflict physical harm on another."
Appellant contends that the state failed to prove that he inflicted, attempted to inflict or threatened to inflict physical harm on either Anderson or Merrell. Appellant acknowledges that he struggled with Anderson and Merrell, but contends that he was merely resisting their attempts to detain him, rather than attempting to harm them. Moreover, appellant contends, neither Anderson nor Merrell testified that they suffered any physical harm as a result of appellant's actions; therefore, there is no evidence that he harmed them. Accordingly, appellant asserts, the state failed to prove all of the elements of the offense of robbery.
We disagree. Anderson testified that as he was struggling with appellant on the embankment, appellant hit him with his cane and kicked him. Merrell similarly testified that he saw appellant kick Anderson. Accordingly, there was testimony from two witnesses that appellant attempted to harm Anderson. This evidence, if believed, would support a conviction of robbery. Although Merrell testified on cross-examination that he did not see appellant hit Anderson with his cane and did not know whether appellant was trying to kick Anderson or "just flailing," the weight to be given the evidence and the credibility of witnesses are primarily matters for the trier of fact. State v. DeHass
(1976), 10 Ohio St.2d 230, paragraph one of the syllabus.
Viewing the evidence in a light most favorable to the prosecution, as we are required to do, we conclude that the jury could have found the essential elements of robbery proven beyond a reasonable doubt. Appellant's first assignment of error is therefore overruled.
In his second assignment of error, appellant contends that the trial court committed reversible error because it did not instruct the jury on the definition of "inflict, attempt to inflict, or threaten to inflict physical harm to another," an element of the offense of robbery.
We note at the outset that appellant raises this argument for the first time on appeal. Indeed, the transcript of the proceedings below indicates that after the trial judge had orally instructed the jury, defense counsel stated that he was satisfied with the charge. A failure to assert an alleged error in the trial court ordinarily waives that error on appeal. State v. Awan
(1986), 22 Ohio St.3d 120, 122; State v. Stokes (Mar. 7, 1996), Cuyahoga App. No. 69032, unreported. Even though not brought to the attention of the trial court, however, appellate courts will notice and rectify plain errors affecting substantial rights.State v. Johnson (1988), 40 Ohio St.3d 130, 132, cert. denied (1989). 489 U.S. 1098. Notice of plain error, however, is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus;State v. Cooperrider (1983), 13 Ohio App.3d 546. An alleged error does not constitute a plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Long, supra, paragraph one of the syllabus.
Appellant was charged with violating R.C. 2911.02(A)(2), which provides that "no person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * inflict, attempt to inflict, or threaten to inflict physical harm on another." R.C. 2911.02(A)(3) provides that "no person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall use or threaten the immediate use of force against another."
Appellant contends that the trial court committed plain error in giving the jury instructions because it did not instruct the jury regarding the element of inflicting, attempting to inflict, or threatening to inflict physical harm, an element of a violation of R.C. 2911.02(A)(2); but, rather, instructed the jury regarding the use of force, an element of a violation of R.C.2911.02(A)(3). We disagree.
The transcript of the proceedings indicates that the trial court properly instructed the jury regarding the elements of a violation of R.C. 2911.02(A)(2). Initially, the trial court stated:
 Now, let's cover the instant charge here. The Defendant, Raymond Hardy, is charged in the indictment with robbery, a violation of Revised Code Section 2911.02.
 Before you can find the Defendant guilty of robbery, as charged, you must find beyond a reasonable doubt that on or about the 22nd day of July, 1998, in Cuyahoga County, in the State of Ohio, the Defendant knowingly, in attempting or committing a theft offense, or in fleeing immediately after such attempt or offense against Finast store, inflicted or attempted to inflict, or threatened to inflict physical harm on Security Officer Anderson and/or Sergeant Merrell. (Tr. 136-137).
Later, the trial court repeated its instruction regarding the required elements of robbery two more times, stating:
 Before you can find the Defendant guilty of robbery, you must find that beyond a reasonable doubt, that on or about the 22nd day of July, 1998, in Cuyahoga County, Ohio, the Defendant knowingly, in attempting or committing a theft offense, or in fleeing immediately after such attempt or offense against Finast, inflicted or attempted to inflict or threatened to inflict physical harm on Security Officer Anderson and/or Sergeant Merrell.
That's what has to be proven for robbery.
Let me take a long look. I will read it again one more time.
 Before you can find the Defendant guilty of robbery, you must find beyond a reasonable doubt that on or about the 22nd day of July of 1998, in Cuyahoga County, Ohio, that the Defendant knowingly, in attempting or committing a theft offense, or fleeing immediately after such attempt or offense against the Finast store, inflicted or attempted to inflict or threatened to inflict physical harm on Security Officer Anderson and/or Security Sergeant Merrell.
As the record makes clear, the trial court specifically instructed the jury three times regarding the elements of a violation of R.C. 2911.02(A)(2). We recognize that the trial court also included an instruction on the use of force during a robbery (Tr. 140). Nowhere, however, did the court state that a finding of the use of force was sufficient to convict appellant. Accordingly, this extraneous instruction does not rise to the level of plain error.
In a criminal case, the trial judge must instruct the jury on all matters of law necessary for the information of the jury in giving its verdict." R.C. 2945.11. Knowledge of the elements of a crime is essential if the jury is to properly render a verdict.State v. Burgun (1976), 49 Ohio App.2d 112, 121. Because the trial court properly instructed the jury regarding the elements of robbery, in violation of R.C. 2911.02(A)(2), appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the trial court committed reversible error because it failed to comply with R.C. 2945.10(G) when it submitted a copy of its jury instructions to the jury but did not preserve those instructions as part of the record. We do not agree.
The defendant is, of course, entitled to examine written instructions that the jury will have in its deliberations. Statev. Phillips (1995), 74 Ohio St.3d 72, 92. In State v. Schiebel
(1990), 55 Ohio St.3d 71, 85, the Ohio Supreme Court observed:
 A criminal defendant has a right to be aware of all communications with the jury, including any written jury instructions that are taken into the jury room for deliberations. Although those written instructions may only repeat earlier oral instructions, a defendant nevertheless must be allowed to inspect the written instructions to discover any omissions or discrepancies.
Because variations between the oral and written instructions may result in prejudicial error, R.C. 2945.10(G) provides, in relevant part: "Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case. * * * Compliance with this statutory requirement allows the reviewing court to determine whether reversible error occurred.
To be reversible error, appellant must demonstrate that some type of prejudice resulted from the trial court's failure to preserve the written jury instructions with the papers of the case. State v. Warner (1990), 55 Ohio St.3d 31. footnote 19;State v. Cruz (Jan. 27. 2000), Cuyahoga App. No. 75723, unreported; State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported.
Here, we cannot say that the absence of the courts s written instructions from the record is reversible error. The record before us indicates that neither appellant nor the prosecutor lodged any objection to either the oral or written instructions given to the jury by the trial court. Moreover, appellant makes no contention, nor does the record indicate, that the written instructions deviated in any manner from the oral instructions given to the jury or that appellant was not given an opportunity to review the written instructions before they were given to the jury. Finally, the transcript of the proceedings indicates that the trial court gave full and complete oral instructions to the jury prior to permitting it to retire.
Accordingly, this court cannot find that the trial court's failure to include the written jury instructions in the record on appeal constituted harmful error or compromised appellant's due process of law. See Cruz; supra; Mills, supra; State v. Goodwin
(Apr. 17, 1997), Cuyahoga App. No 68531, unreported; State v.Henness (Feb. 6, 1996), Franklin App. No. 94APA02-240, unreported.
Our opinion, however, should not be read to suggest that we encourage or tacitly approve such tactic by the trial court. Quite to the contrary, we believe the rule requiring that written jury instructions be included in the record is clear and sound and highly recommend that it be strictly followed by the trial court to insure that all parties receive a fair trial and to allow for effective appellate review.
Appellant's third assignment of error is overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J. and ANNE L. KILBANE, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE