JOURNAL ENTRY AND OPINION.
Appellant Belvin McGee appeals the judgment of conviction and sentencing of the trial court following his guilty pleas to five counts of sexually oriented offenses committed against his five children. The appellant contends he was denied due process of law when the trial court failed to advise him of the following: any parole implications, the consequences of a sexual predator classification, and the imposition of maximum consecutive sentences. For the reasons set forth below, we affirm the decision of the trial court.
On November, 8, 1999, the Cuyahoga County Grand Jury issued a fifty-three count indictment charging the appellant with various sexual offenses against five victims, all of whom are the biological children of appellant, all under the age of thirteen. The various counts involved gross sexual imposition, felonious sexual penetration, and rape. A number of the counts included the use of force and contained the violent sexual predator specification.
On December 13, 1999, a jury trial commenced. The following day, the appellant withdrew his previously entered not guilty plea and pled guilty to five counts of the indictment and stipulated to the classification of a sexual predator.
On December 20, 1999, the trial court sentenced the appellant to the following terms of incarceration: eight years incarceration on count seventeen; life imprisonment on count twenty-seven; life imprisonment on count thirty-seven; and five years incarceration on count fifty-three. All of the sentences were to be served concurrently with the exception of count seventeen, which was to run consecutively to the other counts.
On December 23, 1999, the trial judge reconvened the court in order for him to state the required reasons for imposing the sentence on the appellant at the sentencing hearing.
The appellant appeals the conviction and sentence imposed by the trial court and asserts the following assignments of error:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MISINFORMED DEFENDANT AS TO THE PENALTY THAT COULD BE IMPOSED.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT INFORM DEFENDANT THAT HE WAS ENTERING PLEAS OF GUILTY TO NON-PROBATIONAL OFFENSES.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THERE WAS NO KNOWING, INTELLIGENT AND VOLUNTARY UNDERSTANDING AS TO THE STIPULATION THAT DEFENDANT WAS A SEXUAL PREDATOR.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO MAXIMUM CONSECUTIVE SENTENCES.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RETROACTIVELY PLACED ITS FINDINGS ON THE RECORD.
Appellant first argues that his plea was not made knowingly, intelligently, and voluntarily because he was misinformed that he would be eligible for parole in ten (10) years. The appellant discovered at sentencing he would be eligible for parole in eighteen years instead of ten.
In order for the trial court's acceptance of a plea to be affirmed, the trial court must substantially comply with Crim.R. 11(C). In State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, the Ohio Supreme Court defined substantial compliance to mean:
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Stewart (1997) 51 Ohio St.2d 86, 364 N.E.2d 1163, 5 Ohio Op.3d 52; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 Ohio Op.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 63 L.Ed.2d 789, 100 S.Ct. 1605.
 Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, 51 Ohio St.2d at 93, 5 Ohio Op.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A).
The test is whether the plea would have been made otherwise.
Under Crim.R. 11(C), there is no specific requirement that the court must inform the defendant about his eligibility for parole. Further, a convicted defendant does not have a conditional right to a conditional release prior to the expiration of a valid sentence. State v. Moody (Mar. 16, 1998), Pickaway No. 97 CA 13, unreported, citing Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex (1979), 422 U.S. 1,99 S.Ct. 2100.
In the case at bar, the record does not indicate the appellant was misinformed by the trial court. The appellant was informed he would become eligible for parole on the charge of forcible rape after ten years of incarceration, which was an accurate statement. The appellant alleges he was not informed about the consequences of his plea in regard to the imposition of consecutive eight year sentences on the attempted rape charge. Therefore, he alleges that his plea was not made knowingly and intelligently.
The Supreme Court of Ohio, in State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295, has addressed this issue and determined:
 Failure to inform the defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary.
Therefore, the trial court's failure to inform the appellant of the effect that a definite term of incarceration may have on his parole eligibility when run consecutive to a life sentence cannot be seen as a violation of Crim.R. 11(C). Appellant's first assignment of error is without merit.
Appellant argues in his second assignment of error he was denied due process of law when the court failed to inform him that he was entering pleas of guilty to non-probationable offenses. The appellant's argument concerning a violation of Crim.R. 11 in this matter is without merit.
In this case, the transcript reflects at the time the appellant decided to change his plea, the prosecutor stated the following on the record: that count seventeen would be a second degree non probationable felony; that as amended count twenty-seven carries with it a mandatory life term of imprisonment with the possibility of parole after ten years; and that as amended count thirty-seven would be a first degree felony, punishable by a mandatory life term imprisonment. In addition, appellant's attorney stated, the only thing that I would add is that I believe that under all of these offenses a period of post release control is mandatory and I have so advised Mr. McGee. On December 20, 1999, the date of sentencing, the prosecution further stated on the record, we know that a couple of the counts that he pled to are virtually non-probationable offenses.
In a case similar to the case at bar, State v. Davis (Sept. 7, 2000), Cuyahoga App. No. 76085, this court determined that a similar argument was without merit and found:
 Without a lawyer's advice, it is not clear that Davis would understand that the word `mandatory' meant that he would not be eligible for probation.
 Although Davis did not question the frequent use of the word `mandatory' during the plea proceeding, the significant evidence of a negotiated plea allows the inference that his lawyer had in fact discussed that plea and its effects with Davis prior to Davis' entering it, thus further indicating that Davis was aware of his ineligibility for probation.
 Therefore, we find that the Judge reasonably could have determined that Davis was aware of his ineligibility for probation.
Davis, supra at 15.
In light of Davis, we conclude the trial court could have reasonably determined that the appellant was aware of his ineligibility for probation based on the words of the prosecutor and based on the statements made by the appellant's attorney on the date the plea was taken. Accordingly, appellant's second assignment of error is without merit.
Appellant argues in his third assignment of error he was denied due process of law when the court failed to provide a statement of the elements of the offense for a sexual predator classification and as a result, the appellant's stipulation was not knowingly, intelligently, and voluntarily made.
A court is required to comply with Crim.R. 11 when it is accepting a plea of guilty or a plea of no contest. However, a sexual predator determination hearing is neither and the findings of sexual predator status `imposes no new affirmative disability or restraint.' State v. Drennen (March 16, 2001), Huron App. No. H-00-007, unreported, 2001 Ohio App. LEXIS 1189 at 3-4, citing, State v. Cook (1998), 83 Ohio St.3d 404,418, 700 N.E.2d 570. Therefore, a trial court is not required to comply with Crim.R. 11(C)(2) in accepting the defendant's admission that he is a sexual predator. Consequently, appellant's third assignment of error is without merit.
Appellant argues in his fourth assignment of error, he was denied due process of law when he was sentenced to maximum consecutive sentences. The appellant denies his sexual conduct with his children constituted the worst form of the offense charged and, under R.C. 2929.14(C), did not justify the imposition of the maximum sentence.
R.C. 2929.14(C) provides in pertinent part:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offender pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *.
Therefore, when a trial court imposes the maximum sentence authorized for an offense by R.C. 2929.14(A), the court is required to make findings that the offender meets one or more of the criteria found in R.C.2929.14(C) and give the reasons for imposing the sentence. State v. Zwiebel (Aug. 29, 2000), Franklin App. No. 00AP-61, unreported, 2000 Ohio App. LEXIS 3882, at 7; State v. Agner (Aug. 3, 2000), Allen App. No. 1-2000-04, unreported, 2000 Ohio App. LEXIS 3677.
In the case at bar, at a hearing held December 23, 1999, the trial judge stated:
 All right. We're here this morning, on defendant having previously been sentenced, for the Court to set forth the reasons why the Court imposed the sentence that it did.
 This matter went to trial, and there were five victims who testified, all young children, who were the biological children of the defendant, and that these incidents happened over a lengthy period of time.
 And because of that, the Court imposed the sentence that it did impose. And the Court found that the defendant in this case committed one of the worst forms of the offense, further finds that there was forcible rape on children under thirteen.
 The Court finds that consecutive sentences were necessary to protect the public, and punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and danger to the public.
 Also the Court feels that the harm caused was so great that no single sentence adequately reflects the seriousness of the offender's conduct and the Court further finds that the minimum sentence would demean the seriousness of the offender's conduct.
These statements of the trial court indicate that the trial court made sufficient findings and reasons for the imposition of the maximum sentence.
R.C. 2929.14(E)(4) provides for the imposition of consecutive sentences and provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In imposing consecutive sentences, a trial court is required to make specific findings pursuant to R.C. 2929.14. The court must then justify its findings by giving its reasons.
In the case at bar, the trial court found that consecutive sentences were necessary to protect the public, and punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and danger to the public and that the Court feels that the harm caused was so great that no single sentence adequately reflects the seriousness of the offender's conduct and the Court further finds that the minimum sentence would demean the seriousness of the offender's conduct. The trial court then indicated, this matter went to trial, and there were five victims who testified, all young children, who were the biological children of the defendant, and that these incidents happened over a lengthy period of time. This statement established the trial court's reasoning for the imposition of consecutive sentences.
Therefore, appellant's fourth assignment of error is without merit.
Appellant argues in his fifth assignment of error, he was denied due process of law when the court retroactively placed its findings on the record.
The argument advanced by the appellant does not properly address the merits of this assignment of error; rather, its basis is found as a reference to the appellant's fourth assignment of error. Appellant's fifth assignment of error is therefore disregarded pursuant to App.R. 12(A)(2).
Appellant further set out two additional assignments of error in a pro se brief which was allowed by this court. In appellant's first assignment of error, he alleged that defense counsel erred to the prejudice of the appellant when he failed to render effective assistance of counsel in violation of the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution.
The appellant contends that his counsel failed to inform him about the effects of his guilty pleas and breached his duty of confidentiality by telling the appellant's family about the offered plea bargain in an attempt to persuade him to accept the plea bargain.
When a criminal defendant's claim for ineffective assistance of counsel relies on matters outside the record, that claim must be brought in a proceeding for post-conviction relief and cannot be addressed in a direct appeal. State v. Gibson (1980), 69 Ohio App.2d 91, paragraph three of the syllabus. We are therefore unable to decide this issue on appeal since this is the first time this issue has been brought before this court. The appellant's first pro se assignment of error is without merit.
Appellant argues in his second pro se assignment of error that the trial court erred when it failed to direct a judgment of acquittal, pursuant to Crim.R. 29(A), at the close of the State's evidence.
The record does not display any Crim.R. 29 motion for acquittal made at any point during the trial. The appellant chose to enter a plea of guilty before the State completed its case in chief. A plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and Boykin v. Alabama (1969),395 U.S. 238, 243. State v. Kelley (1991), 57 Ohio St.3d 127,566 N.E.2d 658.
When the appellant changed his plea from not guilty to guilty before the end of the State's evidence, the court no longer had the opportunity to determine the sufficiency of the evidence pursuant to Crim.R. 29. Therefore, the trial court could not have acquitted the appellant by way of motion. Appellant's second pro se assignment of error is without merit.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction, having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS; ANNE L. KILBANE, J., DISSENTS. (SEE ATTACHED SEPARATE DISSENTING OPINION.)