OPINION
Defendant-appellant Rodney A. Dodson filed a notice of appeal from the judgment of the Mahoning County Common Pleas Court which accepted his guilty pleas and entered sentences upon the pleas. A no merit brief was filed by appellate counsel who asked to withdraw. Appellant did not respond to our entry which advised that he could file a pro se brief. We must nonetheless undertake an independent review of the record before us. After a review of the record, appellant's conviction and sentence are affirmed, and counsel is permitted to withdraw.
 STATEMENT OF THE CASE
In Case No. 99CR96, appellant was indicted on one count of third-degree felony robbery and one count of fifth-degree felony vandalism. These charges arose when appellant entered two different Chinese restaurants and stole their cash registers. The one charge was robbery rather than theft because an employee tried to stop him and some pushing occurred. At the plea hearing, appellant admitted his guilt. As part of the plea bargain, the state amended the vandalism count to attempted vandalism, a first degree misdemeanor. The state also agreed to stand silent at sentencing. On April 30, 1999, the court sentenced appellant to three years on the robbery and six months on the attempted vandalism to run concurrently. Mention was made that appellant was on a crime spree in 1994, and then reformed for three years, and then began his life of crime again. An appeal was filed resulting in Case No. 99CA19. The trial court granted appellant's motion for judicial release on January 25, 2000. In February 2000, appellant voluntarily dismissed his appeal.
On October 23, 2000, appellant stole a cash register from Speedway. For this, he was charged with fifth-degree felony theft, resulting in Case No. 00CR1260. On November 13, 2000, appellant stole a cash register from Belpark Pharmacy. On November 28, 2000, he stole a cash register from CVS Pharmacy. During this theft, he indicated that he had a gun. As a result of these incidents, appellant was indicted in Case No. 00CR1229 for fifth-degree felony theft and first-degree felony aggravated robbery with a firearm specification.
On February 23, 2001, appellant waived a formal hearing on his community control violation and admitted the violation. Prior to allowing this waiver, the court informed him of his rights with regards to the formal hearing. On this date, appellant also pled guilty to the three new crimes in Case Nos. 00CR1229 and 00CR1260. In return, the state dismissed the firearm specification and agreed to stand silent at sentencing. A sentencing hearing was held on March 1, 2001. Appellant specifically confessed his guilt to the charges as amended. He claimed that he never actually carried a gun into any of the theft sites. He stated that he has a drug problem. He also said that he is in a program and would continue the program in prison.
The trial court announced its sentence. On the community control violation, the original prison term in Case No. 99CR96 was reimposed with credit for time served. For the thefts in Case Nos. 00CR1229 and 00CR11260, the court imposed the maximum sentence of twelve months. For the aggravated robbery in Case No. 00CR1229, the court imposed a mid-range sentence of five years. The court ordered all sentences to run consecutively for a total of ten years incarceration.
Trial counsel filed timely notice of appeal. This counsel then asked that new counsel be appointed for the appeal. Appellate counsel was appointed; however, this counsel filed a no merit brief. On October 15, 2001, we gave appellant time to file a pro se brief. No pro se brief has been filed. Hence, pursuant to Anders v. California (1967), 386 U.S. 738, we now independently review the record to determine that counsel made a diligent effort to find an appealable, nonfrivolous issue. See, also,State v. Toney (1970), 23 Ohio App.2d 203.
Besides the case file, we have before us the following transcripts: the plea hearing in 99CR96, the sentencing hearing in 99CR96, the judicial release hearing in 99CR96, the plea hearing in 00CR1229 and 00CR1260, and the sentencing hearing in 00CR1229 and 00CR1260. Because the appeal in 99CR96/99CA118 was dismissed, we need not review the plea and sentencing transcripts in this appeal. From a review of the remaining transcripts, three issues shall be evaluated. First, we shall conduct a review of the plea transcript to determine if the appropriate procedures were followed. Second, we shall review the maximum sentences on the two thefts. Third, we shall review the consecutive sentences.
 GUILTY PLEAS
We have before us the February 23, 2001 plea transcript. Before accepting appellant's guilty pleas, the court personally addressed appellant as required by Crim.R. 11(C)(2). The court established that appellant was making the plea voluntarily as required by Crim.R. 11(C)(2)(a). For instance, the court asked if the pleas were being made freely and voluntarily devoid of force, threats or promises. (Tr. 12, 15). The court further ascertained that appellant was not under the influence of drugs or alcohol. (Tr. 14).
Also in compliance with Crim.R. 11(C)(2)(a), the court ensured that appellant understood the nature of the offenses by asking him if he understood what is entailed in aggravated robbery and each theft. The court then expressly asked if appellant knew the elements of each crime. (Tr. 5). See State v. Baier (June 30, 1999), 7th Dist. No. 98BA11 (noting how Crim.R. 11(C)(2)(a) only requires a determination of understanding versus Crim.R. 11(C)(2)(b) and (c) which require a determination after a specific advisement).
The court then determined that appellant understood the maximum penalties as per Crim.R. 11(C)(2)(a). (Tr. 5, 8). Specifically, the court advised that appellant could receive between three and ten years on the aggravated robbery, with a fine up to $25,000. He was also advised that he could receive between six and twelve months on each theft, with fines up to $2,500. The court notified him that all sentences could be set consecutively for a total maximum of twelve years plus the three years (minus time served) for the probation violation. See State v. Johnson
(1988), 40 Ohio St.3d 130, 134 (holding that disclosure of possible consecutive sentences is not required). The court informed appellant that the offenses are probationable but went out of its way to ensure that appellant understood that he would not be receiving probation. (Tr. 9). See Crim.R. 11(C)(2)(b) (which only requires that a defendant be informed if he is not eligible for probation).
As per Crim.R. 11(C)(2)(b), the court determined that appellant understood the effect of the guilty pleas. The court advised that the plea would affect the probation violation allegation, which would result in a separate penalty. (Tr. 4-5). The court mentioned court costs and restitution and explained post-release control. (Tr. 11). The court revealed that it would choose the sentence regardless of any recommendations. (Tr. 12-13). The court repeatedly asked appellant if he understood the effect of his plea. (Tr. 12-14). As required by Crim.R. 11 (C)(2)(b), the court disclosed that upon acceptance of the plea, the court could proceed with judgment and sentence. (Tr. 8).
Pursuant to Crim.R. 11(C)(2)(c), the court informed appellant and determined that appellant understood that by pleading guilty, he waived the right to a jury trial, to have the state prove him guilty beyond a reasonable doubt, to confront witnesses against him, to compel his own witnesses with subpoenas, and to choose not to testify with assurances that such choice could not be mentioned at trial. (Tr. 6-7). Finally, appellant was represented by counsel. He professed that he was satisfied with his counsel's performance and that his counsel explained everything to him in the written plea agreement. (Tr. 5, 13). He also stated that he read and signed the written plea agreement. (Tr. 13-14). When asked if he had any questions, he stated that he was sorry.
Besides the constitutional requirement that the defendant be advised of the waiver of certain constitutional rights, the remainder of Crim.R. 11(C) calls for substantial, rather than strict, compliance. State v.Nero (1990), 56 Ohio St.3d 106, 108 (calling for an evaluation of the totality of the circumstances to determine whether a defendant subjectively understood the implications of the plea). Here, it appears the court's colloquy demonstrates strict compliance with Crim.R. 11(C). Under the preceding review of the plea transcript, we see no appealable issue.
 MAXIMUM SENTENCES
The available sentences for a fifth degree felony are six, seven, eight, nine, ten, eleven, or twelve months of confinement. R.C.2929.14(A)(5). In the case at bar, the court imposed the maximum sentence of twelve months on both fifth-degree felony theft offenses. A court can only impose the maximum sentence on offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future offenses, and upon certain major drug offenders or repeat violent offenders. R.C. 2929.12(C). If the court finds that one of these circumstances exists, the court must state which circumstance exists and state its reasons in support of this finding. R.C.2929.19(B)(2)(d); State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329.
Here, the court's sentencing entry states that appellant committed the worst form of theft and that he poses the greatest likelihood of recidivism. The court does not give reasons for its opinion on why the thefts committed by appellant were the worst forms of theft. Regardless, the court did set forth sufficient reasons to find that he poses the greatest likelihood of committing future crimes, which is an alternative finding. In the sentencing entry and the transcript, the court noted that appellant was already under community control when he committed these offenses. The court also mentioned appellant's criminal history. (J.E. 
Sent. Tr. 13). As such, the court sufficiently set forth its reasoning supporting its specific finding that appellant poses the greatest likelihood of committing future crimes.
 CONSECUTIVE SENTENCES
Similar to the process required for imposing a maximum sentence, the court must also make certain findings and provide the reasons for the findings in order to impose consecutive sentences. R.C.2929.14(E)(4)(a)-(c); R.C. 2929.19(B)(2)(c). The requisite findings for imposition of consecutive sentences are outlined as follows: (1) a consecutive sentence is necessary (a) to protect the public from future crime or (b) to punish the offender; and (2) it is not disproportionate (a) to the seriousness of the offender's conduct and (b) to the danger the offender poses to the public; and (3) (a) multiple offenses were committed while awaiting trial or sentencing, while under a sanction pursuant to R.C. 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions including probation), or 2929.18 (financial sanctions and restitution), or while under post-release control for a prior offense, or (b) the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct, or (c) consecutive sentences are necessary to protect the public from future crime as demonstrated by the offender's criminal history. R.C. 2929.14(E)(4)(a)-(c).
As for the first finding, the trial court stated that a consecutive term is needed to protect the public. As for reasons, the court referenced appellant's criminal history and the fact that he committed the three new offenses while on probation. (Sent. Tr. 13).
The court found that a single term of imprisonment would not adequately reflect the seriousness of the conduct. This would suffice for the first part of the second required finding, that is, consecutive sentences are not disproportionate to the seriousness of the conduct. As for the second part of the second finding, the court repeated at the hearing that consecutive terms are needed to protect the public. Then, in the judgment entry, the court specifically found that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses. As for reasons supporting these findings, the court again noted appellant's criminal history and the fact that appellant was on probation. (Sent. Tr. 14).
The multitude of times the court noted that appellant committed the crimes while on probation satisfied the first alternative within the third finding. Moreover, the court's language also satisfied the third alternative within the third finding. Hence, it appears that the trial court followed all the legal requirements for imposing consecutive sentences. Once the trial court follows the law, it has broad discretion in sentencing.
For the foregoing reasons, appellant's convictions and sentences are hereby affirmed and we permit appellate counsel to withdraw.
Donofrio, J., and DeGenaro, J., concur.