OPINION.
Defendant-appellant Jeffrey Clark contests the voluntariness of his pleas of guilty to charges of robbery, receiving stolen property, forgery, and failure to comply with the order of a police officer. He also contests the seven-year prison term imposed by the trial court following its acceptance of his pleas. Because Clark entered his pleas knowingly and voluntarily, we affirm the findings of guilt on each of the four offenses. But because the trial court imposed a maximum sentence without making the required findings and specifying on the record the reasons supporting those findings, we vacate the sentence imposed for robbery.
Clark's convictions resulted from three separate incidents. The robbery and aggravated-robbery charges in the case numbered B-0101787 arose on February 24, 2001, when Clark robbed a female patron of her purse at the Kenwood Toys-R-Us store while claiming that he had a knife. On April 1, 2001, police attempted to stop Clark for speeding on Winton Road. Clark fled, leading his pursuers on a high-speed chase. This resulted in the failure-to-comply charge in the case numbered B-0102417. On September 16, 2001, Clark used a stolen credit card to purchase gas and cigarettes at a gas station. This act resulted in the receiving-stolen-property and forgery charges in the case numbered B-0103068.[1]
In exchange for the state's dismissal of the aggravated-robbery charge, Clark entered a guilty plea to the remaining charges. The trial court accepted his pleas and found him guilty of robbery, in violation of R.C. 2911.02(A)(3), failure to comply with the order of a police officer, in violation of R.C. 2921.331(B), receiving stolen property, in violation of R.C. 2913.51(A), and forgery, in violation of R.C. 2913.31. The trial court ordered a presentence investigation. At the sentencing hearing, the trial court partially completed a felony-sentencing worksheet, briefly addressed Clark, and then imposed sentence.
The trial court imposed the maximum five-year prison term for robbery and a two-year prison term for failing to comply, both third-degree felonies. These sentences were to be served consecutively. The trial court also imposed one-year terms of imprisonment for the fifth-degree felonies of receiving stolen property and forgery. These terms were to be served concurrently with the sentences for the two more serious offenses.
In his second assignment of error, Clark contends that the trial court's failure to inform him, before accepting his pleas, that he had to serve the robbery and failure-to-comply sentences consecutively by operation of law rendered his pleas involuntary. Clark correctly notes that where, as here, a trial court imposes a prison term for a violation of R.C. 2921.331(B), for evading or fleeing in a motor vehicle after receiving a signal to stop from a police officer, "the offender shall serve that prison term consecutively to any other prison term * * * previously or subsequently imposed upon the offender." R.C. 2929.14(E)(3). He argues that the trial court failed to comply with Crim.R. 11(C)(2)(a) as it only informed him of the maximum prison term available for each separate offense, and not of the effect of R.C. 2929.14(E)(3). The state has not addressed this argument in it brief.
In the ordinary situation, where a trial court has the option to impose consecutive sentences pursuant to R.C. 2929.14(E)(4), its failure to inform a defendant who pleads guilty that his sentences may run consecutively rather than concurrently is not a violation of Crim.R. 11(C) and does not render the plea involuntary. See State v. Johnson
(1988), 40 Ohio St.3d 130, 532 N.E.2d 1295, syllabus. All that is required by Crim.R. 11(C)(2)(a), prior to entering a plea, is that the defendant be advised of the maximum penalty for each charge, and of whether his guilty plea would render him ineligible for probation or community-control sanctions because the offenses or specifications carry mandatory prison sentences. See id. at 133, 532 N.E.2d 1295; see, also, R.C. 2929.13(F).
Here, Clark was not required to a serve a prison term for the failure-to-comply offense. Similarly, he was not required to serve a prison term for the robbery offense. The consecutive-sentence provision of R.C. 2929.14(E)(3) applies only "if a prison term is imposed for a felony violation of division (B) of section 2921.331."
Thus, the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a) by informing Clark of the maximum penalty for each charge. As Clark was eligible for community-control sanctions for all the charged crimes, the trial court was not required to elaborate on sentencing matters in its colloquy. We will not add another requirement to the Crim.R. 11(C) colloquy that would require the trial court to inform a defendant that it must impose sentences consecutively, where there is no requirement that the court do so if it imposes consecutive sentences at its option pursuant to R.C. 2929.14(E)(4). The second assignment of error is overruled.
In his first assignment of error, Clark asserts that the trial court erred in imposing the maximum five-year term of imprisonment for robbery because it did not make any of the findings required to support that prison sentence. See R.C. 2929.14(C) and 2929.19(B)(2)(d).
To impose a maximum felony sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the offender either has committed the "worst forms of the offense" or poses the greatest likelihood of recidivism. See R.C. 2929.14(C); see, also,State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 26. A trial court sentencing an offender to a maximum prison term must make the required findings and specify on the record its reasons supporting those findings. See R.C. 2929.19(B)(2)(d).
Here, the trial court made no findings, either on the sentencing worksheet or in its sentencing colloquy. The state contends that the sentence should be upheld "as long as the reasons for the sentence are apparent from the record." The Ohio Supreme Court has rejected the contention that the statutorily required findings and reasons may be inferred from the record. See State v. Edmondson, 86 Ohio St.3d 324,328, 1999-Ohio-715 N.E.2d 131. And as this court has noted, "it must be clear from the record that the trial court [engaged in the required analysis and] made the required statutory findings * * *." State v.Brewer (Nov 24, 2000), 1st Dist. No. C-000148. The sentencing scheme "requires a trial court to `make a finding that gives its reasons forselecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.'" State v.Edmondson, 86 Ohio St.3d at 328, 715 N.E.2d 131 (emphasis in the original). The first assignment of error is sustained.
Clark next contends that the trial court erred by imposing consecutive sentences without giving the reasons required by R.C. 2929.19(B)(2)(c). As noted above, R.C. 2929.14(E)(3) mandated that the sentence for the failure-to-stop violation be served consecutively to the sentence imposed for the robbery. Unlike the situation where the trial court has the option to impose consecutive sentences, see R.C. 2929.14(E)(4), here, the trial court was required to impose the sentences consecutively by operation of law once it chose to impose a prison term upon Clark for violating R.C. 2921.331(B).
Nonetheless, R.C. 2929.19(B)(2)(c) states that the trial court shall make a finding and give its reasons "[i]f it imposes consecutive sentences under Section 2929.14," making no distinction between optional and mandatory consecutive sentences. As in State v. Larkins (Apr. 24, 2002), 1st Dist. No. C-010637, we refuse to construe R.C. 2929.19(B) to mandate the absurd result of invalidating a sentence imposed by operation of law.
The findings-and-reasons requirement for "optional" consecutive sentences imposed pursuant to R.C. 2929.14(E)(4) provides a demonstration in the record, amenable to appellate review, that the trial court engaged in the required analysis before imposing sentence. See State v. Brewer. Here, the trial court did not make any separate findings or give any reasons for imposing the sentences consecutively. Yet, the consecutive imposition of the sentences was correct pursuant to R.C. 2929.14(E)(3), and the record provides the means for appellate review of the judgments entered in the cases numbered B-0101787 and B-0102417. Thus, the imposition of consecutive sentences was not contrary to law, was supported by the record, and will not be reversed by this court. See R.C. 2953.08(G)(2). The fourth assignment of error is overruled.
In his third assignment of error, Clark contends that the trial court erred in failing to notify him of the post-release-control requirements found in R.C. 2929.19(B)(3) when imposing sentence. A trial court errs in failing to notify a defendant of these requirements where he is sentenced after a trial. But, as here, the notice requirement is fulfilled where the record clearly indicates that the defendant was advised of discretionary post-release control both in his signed plea form and in his sentencing entry. See Woods v. Telb, 89 Ohio St.3d 504, 513,2000-Ohio-171, 733 N.E.2d 1103 (paragraph numbering not available); see, also, State v. Lattimore, 2002-Ohio-723, at ¶ 31. Because Clark's signed plea forms each contained a paragraph-length description of the post-release-control requirements, and each of his judgment entries included the phrase "AS PART OF THE SENTENCE IN THIS CASE, THE DEFENDANT IS SUBJECT TO THE POST RELEASE CONTROL SUPERVISIONS OF R.C.2967.28," the assignment of error is overruled.
As we have overruled the second assignment of error, the judgments of the trial court are affirmed as to the voluntariness of Clark's pleas and as to the validity of the determinations of guilt. As we have sustained the first assignment of error, we vacate the maximum sentence imposed in the case numbered B-0101787 for robbery, in violation of R.C.2911.02(A)(3), and remand this case to the trial court for resentencing on that one offense, noting that whatever sentence is imposed must be made consecutive to the extant sentence for failure to comply.
Judgment accordingly.
Doan, P.J., and Winkler, J., concur.
[1] Clark's notice of appeal, filed pro se, indicates that he is also prosecuting an appeal from a judgment entered in the case numbered B-0103067. Our review of the record reveals this to be a clerical error. This Opinion issues no mandate in regards to that trial court case.