OPINION
Defendant-appellant, Donald McCane, appeals a Clermont County Court of Common Pleas decision imposing consecutive sentences after he pled guilty to two counts of sexual battery. McCane also challenges his classification as a "sexual predator" under R.C.2950.09.
On November 26, 1996, the Clermont County Grand Jury indicted McCane on two counts of rape, two counts of sexual battery, and two counts of gross sexual imposition against a child under thirteen years of age. On January 14, 1997, McCane accepted a plea bargain and pled guilty to two sexual battery counts in violation of R.C. 2907.03(A)(5). The trial court accepted McCane's guilty plea on January 17. On January 22, the trial court notified the parties that it was scheduling McCane's sentencing hearing for February 11, 1997.
Immediately before imposing sentence on February 11, the trial court decided that it would hold a hearing to determine whether to classify McCane as a sexual predator under R.C. 2950.09. After a statement by the prosecuting attorney, and attempting to explain the classification and notification scheme to McCane, the trial court adjudicated McCane as a sexual predator. The trial court then proceeded to sentencing, and subsequently sentenced McCane to two consecutive four-year terms.
On appeal, McCane sets forth four assignments of error. Under his first assignment of error, he complains that the trial court erred in imposing consecutive sentences. This court disagrees.
The framework for imposing of consecutive sentences is outlined in R.C. 2929.14(E)(3). That statute provides that a trial court can order consecutive sentences for multiple convictions "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *[.]" Additionally, the trial court must also find that one of the following circumstances apply:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Id. (Emphasis added.)
McCane argues the trial court erroneously found that consecutive sentences were warranted. The trial court, however, noted McCane's victim suffered serious psychological harm, and that McCane abused a close relationship he shared with the victim. The trial court also considered the fact that McCane had previously served three prison sentences, but "failed to respond favorably to incarceration, parole or probation * * *." The trial court specifically found that consecutive sentences were "necessary to protect the public from future crime or punish you, and it is not disproportionate to the seriousness of your conduct * * *." See R.C. 2929.14(E)(3)(c). The court further found that the harm McCane caused was unusual and resulted from a continuous and lengthy course of conduct, and that a single prison term would not reflect the seriousness of McCane's conduct. See R.C.2929.14(E)(3)(b).
The trial court followed the requirements set forth in R.C.2929.14(E) before imposing consecutive sentences in this case. So long as the trial court makes the necessary findings, the decision to impose consecutive sentences is a matter committed to the trial court's sentencing discretion. See State v. Johnson (1988), 40 Ohio St.3d 130, 133-34, certiorari denied489 U.S. 1098, 109 S.Ct. 1574. This court has thoroughly reviewed the record, including McCane's presentence report. Given the serious and unusual nature of the offenses and McCane's history of past criminal conduct, the trial court did not abuse its discretion by imposing consecutive sentences under R.C. 2929.14(E)(3). McCane's first assignment of error is overruled.
Under his second assignment of error, McCane argues that the trial court erred by failing to notify him that it intended to hold a sexual predator classification hearing in accordance with R.C. 2950.09. The state argues that advance notice of the classification hearing was unnecessary since the parties were already present for sentencing. The state also notes that McCane's attorney declined to present any evidence or ask for a continuance.
R.C. 2950.09(B) provides in part that if a person is to be sentenced for a sexually oriented offense after the effective date of the statute, "the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator." The statute, however, also provides:
 The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
The trial court did not notify McCane that it intended to hold the sexual predator classification hearing until the parties were present for sentencing. This court now holds that notice of the sentencing hearing alone was not sufficient. Importantly, the record suggests that McCane did not understand the classification scheme, or the consequences of a sexual predator determination. The trial court explained the classification and notification scheme to McCane just moments before adjudicating his as a sexual predator. This court concludes that notice of the sexual offender classification was inadequate, and the cause must be remanded for a new classification hearing. McCane's second assignment of error is sustained.
In his third and fourth assignments of error, McCane challenges the constitutionality and application of R.C. 2950.09. Since this court has concluded that McCane received improper notice of the classification hearing and has remanded the issue for further proceedings, this court will not now consider these assignments of error.
Judgment affirmed in part and reversed in part.
WALSH and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3) of the Ohio Constitution.