I concur with the judgment rendered herein; it is the remand that I am concerned with. The only issue before this court is the sentence imposed by the trial court for the offense of Attempted Rape, a felony of the second degree, in violation of Ohio Revised Code Sections 2923.02(A) and 2907.02(a)(1)(B), as charged in the indictment.
The sentence imposed is clearly in excess of that permitted for a second degree felony, the offense for which the appellant was indicted, and the offense to which he plead guilty. R.C. Section 2929.14(A).
In spite of the fact that both the state and the trial court believed and advised the appellant that he was subject to a greater sentence than he actually was, there was substantial compliance with Crim.R. 11(C), and the appellant was not prejudiced by the incorrect statement. State v. Johnson (l988),40 Ohio St.3d 130. The appellant herein has not sought to withdraw his plea, but only to have an illegal sentence set aside.
The remand of the majority seems to go beyond the issues on appeal, speculate upon matters outside the record, and invite the trial court to commit further error by reopening the plea itself.
Our remand should therefore simply direct the court to resentence the defendant, in accordance with R.C. Section2929.14(A), for a second degree felony, the offense which he stands convicted of.