This is an appeal from a judgment of the Huron County Court of Common Pleas that found appellant guilty, following a no contest plea, of one count of attempted rape and one count of attempted gross sexual imposition. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "1. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY INAPPROPRIATELY IMPOSING MAXIMUM SENTENCES TO RUN CONSECUTIVELY AGAINST DEFENDANT-APPELLANT.
 "2. THERE IS NOT CLEAR AND CONVINCING EVIDENCE IN THE RECORD WHICH SUPPORTS THE CONSECUTIVE MAXIMUM SENTENCES IMPOSED BY THE TRIAL COURT.
 "3. ACCEPTANCE OF MR. WEIDINGER'S PLEA VIOLATED HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION."
The facts that are relevant to the issues raised on appeal are as follows. On January 9, 1998, appellant was indicted on two counts of gross sexual imposition and one count of rape following charges by his two great-nieces, both of whom were under the age of thirteen, that appellant had improper sexual contact with them over the past several months. On June 17, 1998, appellant pled no contest to an amended charge of one count of attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02, and one count of attempted gross sexual imposition in violation of R.C. 2907.05(A)(4) and R.C. 2923.02. On July 24, 1998, appellant appeared before the trial court for sentencing. The court sentenced appellant to eight years imprisonment on the attempted rape conviction and eighteen months imprisonment on the attempted gross sexual imposition conviction and ordered the sentences to be served consecutively. The sentences were the maximum allowable for each offense.
In his first assignment of error, appellant asserts that the trial court erred by imposing maximum sentences and ordering them to be served consecutively. Appellant presents two arguments in support of this assignment of error. First, appellant argues that the trial court inappropriately based its findings that attempted rape is the worst form of the offense and that appellant poses a great likelihood of committing future crimes against the victims or other family members on allegations that appellant sexually abused the mothers of the two victims approximately twenty years ago. Appellant further claims that the trial court punished him on the basis of those unsubstantiated charges of which he had never been convicted.
Second, appellant argues that the trial court failed to properly consider the statutory criteria before imposing maximum sentences for the two offenses.
Appellee responds that during his presentence evaluation appellant admitted abusing the victims' mothers twenty years ago and that the trial court could properly consider that information even though appellant was never charged and convicted in connection with the acts. Appellee further responds that the trial court stated its reasons for imposing consecutive sentences, as required by statute.
The trial court is required by R.C. 2929.19(B)(2)(c) to state its reasons for imposing consecutive sentences. R.C. 2929.14(E)(3) and (4) state in relevant part as follows:
 "(3)If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(b)The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 "(4)When consecutive prison terms are imposed pursuant to division (E)(1),(2), or (3) of this section, the term to be served is the aggregate of all of the terms so imposed."
In its judgment entry of sentence, the trial court stated that it had "* * * considered the factors under Ohio Revised Code Section 2929.14(E)(3) (4) and finds that prison is necessary to protect the public and punish the offender and protect the victims, and the sentence is not disproportionate to the conduct and to the danger the offender poses and finds the crime caused harm so great or unusual that a single prison term does not adequately reflect the seriousness of the conduct, particularly in light of the that [sic] there are two small child victims, victimized over a period of time."
Appellant refers to "allegations" that he sexually abused the mothers of the two victims in this case and argues that the trial court actually sentenced him for those offenses. It is clear from the record that, while the trial court considered that aspect of appellant's history when making its sentencing determination, he was not sentenced for those acts. Appellant admitted to those acts of abuse during his presentence investigation interview which the trial court properly considered when sentencing him.
Based on the foregoing, we find that the trial court complied with the statutory requirements for imposing consecutive sentences and appellant's argument thereto is without merit.
Appellant also claims that the trial court failed to properly consider and apply the statutory requirements for imposing a maximum sentence.
R.C. 2929.11 defines the "overriding purposes" of felony sentencing in Ohio as being "to protect the public from future crime by the offender and others and to punish the offender." The statute further states:
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
R.C. 2929.12 tells us that, unless a prison term is statutorily mandated, the implementation of the principles set forth in R.C. 2929.11 rests in the sound discretion of the trial court. The statute further states that the trial court shall consider the factors set forth in divisions (B) and (C) of that section relating to the seriousness of the conduct, the factors set forth in divisions (D) and (E) relating to the likelihood of the offender's recidivism and, in addition, any other factors relevant to achieving the purposes of felony sentencing.
R.C. 2929.13 provides the trial court with guidance in sentencing by degree of felony and sets forth additional factors for the court to consider.
R.C. 2929.14(B) states that if the court is required to impose a prison term on the offender and if the offender previously has not served a prison term, as is the case with appellant herein, the court shall impose the shortest prison term authorized "* * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
R.C. 2929.14(C) then states that a court may impose the longest term authorized,
 "* * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
This court has previously stated that the imposition of more than a minimum sentence to one first imprisoned or the imposition of the maximum authorized sentence requires that the sentencing court make clear on the record that it has considered all of the factors required by statute. See State v. Luco (Sept. 18, 1998), Huron App. No. H-97-045, unreported; State v. Evans
(May 28, 1999), Sandusky App. No. S-98-035, unreported.
The trial court in this case was meticulous in setting forth in its sentencing judgment entry its consideration of the requisite statutory factors. The trial court stated that it had "considered the purpose and principles in Ohio Revised Code Section 2929.11 and the factors under Section 2929.12." The court further stated that it considered the factors under R.C.2929.12(B) and found:
 "1. The injury exacerbated by physical/mental condition or age of victim;
"2. The victims suffered serious psychological harm;
 "3. The offender held a position of trust and the offense related to a position as an uncle; and
 "4. The relationship with the victims facilitated the offenses."
The trial court then stated that it had considered the factors under R.C. 2929.12(C) "and finds that none exist." It stated that it had considered the factors under R.C. 2929.12(D) "and finds that the Defendant has shown no genuine remorse." The trial court then stated that it considered the factors under R.C. 2929.12(E) "and finds that none exist." The trial court stated that it considered the factors under R.C. 2929.13(D) "and finds that in Attempted Rape, a prison sentence is presumed necessary."
Next, the trial court set forth that it had considered the factors under R.C. 2929.13(B)(1) "and finds the offense was related to a position held; the position obligated offender to prevent it or bring those committing it to justice; or offender's reputation/position facilitated [the] crime or [was] likely to influence * * * [the future conduct of others] and the crime was a sex offense."
Finally, the trial court found, after weighing the seriousness and recidivism factors, that prison was consistent with the purposes and principles of the sentencing laws and that appellant is not amenable to community control.
Upon consideration of the foregoing, this court finds that the trial court thoroughly considered the required statutory factors prior to imposing maximum, consecutive sentences upon appellant. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that imposition of consecutive maximum sentences was not supported by clear and convincing evidence.
The trial court was clearly vested with discretion to impose maximum consecutive sentences after it determined that the factors listed in R.C. 2929.14 (B), (C) and (E) existed in this case. This court will not disturb the conclusion of the trial court unless the trial court abused its discretion. SeeState v. Cooks, 1997 Ohio App. LEXIS 5809 (Dec. 31, 1997), Sandusky App. No. S-97-026, unreported. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
Upon consideration of the foregoing, as well as our findings as to appellant's first assignment of error, this court finds appellant's second assignment of error not well-taken.
In his third assignment of error, appellant asserts that the trial court should not have accepted his plea of no contest because it was not entered into knowingly. Appellant argues that he did not have sufficient knowledge of the consequences of his plea because the trial court failed to inform him that the sentences could be run consecutively. Appellee responds that the trial court fully complied with Crim.R. 11 in accepting appellant's plea. Appellee states that there is no requirement in Ohio law that the trial court explain the possibility of consecutive sentences before accepting a plea.
The United States Supreme Court has often reiterated that in order to satisfy the dictates of due process a plea of guilty must be a voluntary, knowing, intelligent act. See, e.g., Bradyv. United States (1970), 397 U.S. 742, 748.
The Supreme Court of Ohio in State v. Johnson (1988), 40 Ohio St.3d 130, considered a claim that Johnson's constitutional rights were violated when the trial court failed to inform him, prior to accepting a guilty plea, that the sentences could be imposed to run consecutively, rather than concurrently. The Johnson court found that the trial court carried out the specific mandate of Crim.R. 11(C) by stating to the defendant the exact maximum sentence for each offense. Finding that there is no specific requirement in the rule that the trial court explain that any sentences imposed may run consecutively, or concurrently, the Johnson court declined to "implant verbiage" not found in the rule.
We have thoroughly examined the transcript of the hearing at which appellant entered his pleas to the two charges against him and find that the trial court complied with the requirements of Crim.R. 11(C) in accepting the pleas. While the trial court did not state that there was a possibility of consecutive sentences, it did explain to appellant the possible minimum and maximum sentences for each offense. Accordingly, based on the law as summarized above, we find that appellant was not prejudiced and his third assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.___ _______________________________ JUDGE
Melvin L. Resnick, J._____ _______________________________ JUDGE
Richard W. Knepper, J.____ _______________________________ JUDGE CONCUR.