JOURNAL ENTRY AND OPINION
{¶ 1} Charles Brewster separately appeals from two judgments of the common pleas court entered pursuant to his guilty pleas to five counts of rape of females under the age of 13 in two separate cases. We consolidated them for review. On appeal, he challenges the validity of his guilty pleas and the imposition of consecutive sentences for his offenses. Upon consideration, we reject his contentions and affirm the judgment of the court.
 {¶ 2} The record reflects that grand juries indicted Brewster in three cases and he had been on probation in another case at the time of those indictments.
 {¶ 3} On September 10, 2001, in CR-411612, the grand jury indicted him on two counts of rape, each with a sexually violent predator specification, and two counts of kidnapping, each with a sexual motivation specification, in connection with conduct committed against two females under the age of 13.
 {¶ 4} On November 21, 2001, in CR-416359, the grand jury indicted him on four counts of rape, one count of attempted rape, and seven counts of gross sexual imposition, in connection with conduct committed against three other females under the age of 13.
 {¶ 5} In CR-415758, the grand jury indicted him on one count of domestic violence.
 {¶ 6} Furthermore, in CR-356993, his probation officer cited him for violating probation in that he allegedly committed the above crimes while on probation for aggravated assault and domestic violence.
 {¶ 7} On November 30, 2001, Brewster pled guilty to three counts of rape in CR-416359, as amended by deleting the specification of force, and two counts of rape in CR-411612, as amended by deleting the sexually violent predator specification. The state nolled the remaining counts in these two cases and the domestic violence charge in CR-415758.
 {¶ 8} At sentencing, the court imposed two consecutive life terms for the two counts of rape in CR-411612, and three consecutive 10-year terms for the three counts of rape in CR-416359, consecutive with the two life terms. The court also found him guilty of violating probation in CR-356993 and sentenced him to 12 and 18 months, respectively, on the domestic violence and aggravated assault convictions.
 {¶ 9} Brewster now appeals, challenging his guilty pleas and his sentences. His first assignment of error states:
 {¶ 10} "APPELLANT'S PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY MADE WHERE HE WAS NOT ADVISED THAT HIS LIFE PRISON SENTENCES COULD BE RUN CONSECUTIVELY TO THE MANDATORY SENTENCES IN CASES 356993 and 416359."
 {¶ 11} Brewster complains that his plea was not knowingly and intelligently made as required by Crim.R. 11(C) because he claims the court failed to explain to him that the two life terms in CR-411612 could run consecutively with the sentences to be imposed under the other two cases, CR-356993 and CR-416359.
 {¶ 12} Crim.R. 11 (C) provides, in part:
 {¶ 13} "(C) Pleas of guilty and no contest in felony cases.
 {¶ 14} "* * *.
 {¶ 15} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 16} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 17} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
 {¶ 18} In State v. Johnson (1988), 40 Ohio St.3d 130, the court held in its syllabus:
 {¶ 19} "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim. R. 11(C)(2), and does not render the plea involuntary."
 {¶ 20} Our review of the record in this case indicates that before accepting Brewster's guilty pleas, the court explained his constitutional rights and clarified that in CR-411612, the two amended rape counts "would each be subject to life imprisonment, with parole eligibility after ten years." (Emphasis added. Tr. 61.) In accordance with Johnson, the court had no duty to explain that it may impose those sentences consecutively. This assignment of error, therefore, is without merit.
 {¶ 21} Brewster's second assignment of error states:
 {¶ 22} "THE TRIAL COURT ERRED IN IMPOSING TWO LIFE SENTENCES CONSECUTIVELY WITH THE MAXIMUM TERM OF INCARCERATION FOR THE OFFENSES CHARGED IN CASES 356993 AND 416359."
 {¶ 23} Brewster maintains that his sentence does not comport with the sentencing guidelines set forth in R.C. 2929.11(A). Rather than arguing that his criminal history and the nature of his conduct do not warrant his sentences, he urges that a shorter term could have adequately protected the public and punished him.
 {¶ 24} R.C. 2929.11(A) delineates the purposes of felony sentencing. It provides, in part:
 {¶ 25} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 26} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 27} Here, our review of the record indicates that the court complied with the statutory requirements for consecutive sentencing in accordance with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). The record reflects that the court described in great length Brewster's pattern of preying on young girls by gaining the trust of their mothers and subsequently making threats to keep his abuse secret. The court gave detailed reasons regarding the necessity to impose consecutive sentences in this case both to protect the public and to punish Brewster, and also gave reasons why these sentences are not disproportionate to the seriousness of Brewster's conduct and the danger he posed to the public. It also found Brewster had committed the crimes while under post-release control, that the harm done was so great that no single prison term would have adequately reflected the seriousness of his conduct, and that his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crimes by him.
 {¶ 28} Because the court made the necessary findings and gave reasons for its imposition of consecutive sentences, we reject this assignment of error and affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.