JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Angelo Nieves ("Appellant"), appeals the sentence of the Cuyahoga County Common Pleas Court imposing consecutive sentences for his rape convictions. For the reasons that follow, we affirm.
 {¶ 2} On June 26, 2001, Appellant was indicted by the Cuyahoga County Grand Jury for four counts of rape[1] with sexual violent predator specifications. On January 9, 2002, the appellant changed his previous plea of not guilty to guilty of two counts of rape, first-degree felonies, with the deletion of the force language and the sexually violent predator specifications, as amended in the indictment. Appellant agreed to stipulate that he is a sexual predator for the purpose of classification. On February 12, 2002, the trial court sentenced Appellant to serve seven years imprisonment on each count, to be served consecutively, for a total of 14 years.
 {¶ 3} The record demonstrates that Appellant, age 43, raped his girlfriend's 5 year-old daughter. The Appellant was the father of his girlfriend's other two children and acted as the father of the victim. The victim stated that she woke up from her nap with her panties down and the Appellant licked her "private," rubbed his penis against her vagina and "put his private in her private." The victim also stated that Appellant placed his finger in her anus. Medical examination revealed the victim's genitals to be red. The Appellant proceeded to threaten the victim that if she told, she would no longer be loved by her family.
 {¶ 4} This is not the Appellant's first conviction for sexually related crimes against children. Among the list of Appellant's previous convictions is a conviction for gross sexual imposition of a nine year-old.
 {¶ 5} Appellant submits a single assignment of error for our review as follows:
 {¶ 6} "I. The trial court erred when it accepted an invalid plea after failing to inform the appellant of the maximum penalty involved."
 {¶ 7} Appellant argues that the trial court did not inform him that he was exposed to possible consecutive prison terms and therefore his guilty plea was not knowingly, intelligently and voluntarily entered into. Appellant claims that he believed he faced only one term of between 3 and 10 years, the prison term available for first-degree felonies.
 {¶ 8} Appellant relies on Crim.R. 11(C) which provides, in part:
 {¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." (Emphasis added.)
 {¶ 11} The appellant argues that he was not aware of the maximum penalty because he was not informed that the sentences could be imposed consecutively. This is not supported by the transcript. The transcript reveals that Appellant's defense counsel addressed the court prior to the Appellant entering his guilty pleas and stated:
 {¶ 12} "MR. BRUNER: Good morning, your Honor. On behalf of Mr. Nieves, at this time, I've had a number of discussions with Mr. Nieves. I've explained the plea to him. At this time he wants to withdraw his previously entered plea of not guilty to Counts One and Two as amended, understanding the possible penalty on each is three to ten years, and mandatory three-year sentence on each." (Emphasis added.)
 {¶ 13} It is clear that the defense counsel fully informed Appellant that the maximum penalty as to each count was ten years. Appellant cannot now deny this knowledge.
 {¶ 14} Prior to accepting the guilty pleas, the court personally addressed the Appellant and stated, in part:
 {¶ 15} "THE COURT: Do you understand Counts One and Two as amended will be felonies of the first degree, carrying with them a mandatory sentence at the discretion of the trial judge of between three and ten years?
 {¶ 16} "THE DEFENDANT: Yes, your Honor.
 {¶ 17} "THE COURT: Do you understand that there is a $20,000 potential fine on each of these counts?
 {¶ 18} "THE DEFENDANT: Yes, your Honor.
 {¶ 19} "THE COURT: Do you understand that there is, at the conclusion of the sentence that will be selected by this Court, there is a five-year period of post release control?
 {¶ 20} "THE DEFENDANT: Yes, your Honor."
 {¶ 21} The court went on confirm the nature of the guilty pleas with Appellant's defense counsel, stating:
 {¶ 22} "THE COURT: Mr. Bruner, are you confident, sir, the pleas as tendered by your client were each done voluntarily and intelligently and in compliance with Criminal Rule 11?
 {¶ 23} "MR. BRUNER: Yes, your Honor."
 {¶ 24} Following the completion of the Crim.R. 11 hearing, the court accepted the Appellant's separate guilty pleas as to each count.
 {¶ 25} "THE COURT: All right. I'm going to ask you, then, how you plead that you did, between September 1st of the year 2000 and March 31st, year 2002, that you did engage in sexual conduct with Jane Doe, not your spouse, Jane Doe, under the age of 13 years, to with, date of birth, * * *, as amended, a felony of the first degree, guilty or not guilty?
 {¶ 26} "THE DEFENDANT: Guilty
 {¶ 27} "THE COURT: And as it relates to Count Two of the indictment, as amended, how do you plead, Mr. Nieves, that you did again, between those same dates, September 1st of the year 2000 and March 31, 2001, that you did engage in sexual conduct with Jane Doe, not your spouse, Jane Doe being under the age of 13 years, to wit, date of birth, * * *, guilty or not guilty?
 {¶ 28} "THE DEFENDANT: Guilty."
 {¶ 29} The court then nolled the remaining two counts and set sentencing for February 12, 2002 and ordered the preparation of a presentence investigation report.
 {¶ 30} The Ohio Supreme Court has specifically addressed the argument presented by the Appellant in State v. Johnson (1988),40 Ohio St.3d 130, syllabus, as follows: "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim. R. 11(C)(2), and does not render the plea involuntary."
 {¶ 31} The Appellant pleaded guilty to two separate counts of rape. He was informed repeatedly that each count carried a possible prison term of between 3 to 10 years. In fact, the Appellant admits that the court informed him that the first-degree felonies carried a mandatory sentence of between 3 and 10 years. We are not persuaded that Appellant did not understand the maximum penalty of imprisonment that he was exposed to. In addition, we are guided by State v. Johnson, wherein a failure to specifically inform Appellant that consecutive sentences could be imposed is not a violation of Crim.R. 11(C)(2) and does not render the Appellant's plea involuntary.
 {¶ 32} The language in Crim.R. 11(C) regarding the "maximum penalty" refers to the charge to which the defendant is pleading, not whether he was informed of consecutive sentences. See also, State v.McGee (Nov. 21, 2001), Cuyahoga App. No. 77463; State v. Redmond (Sept. 2, 1999), Cuyahoga App. No. 74738.
 {¶ 33} "A review of such rule, as set forth above, indicates that it requires the trial court to explain before it accepts `the plea,' `the nature of the charge and of the maximum penalty involved.' (Emphasis added.) Crim.R. 11(C)(2)(a). Upon its face the rule speaks in the singular. The term `the charge' indicates a single and individual criminal charge. So, too, does `the plea' refer to `a plea' which the court `shall not accept' until the dictates of the rule have been observed. Consequently, the term `the maximum penalty' which is required to be explained is also to be understood as referring to a single penalty. In the context of `the plea' to `the charge,' the reasonable interpretation of the text is that `the maximum penalty' is for the single crime for which `the plea' is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding." State v. Johnson, at 133.
 {¶ 34} We find that the trial court fully complied with the dictates of Crim.R. 11 and informed the Appellant of the possible maximum sentence for each count of rape for which the Appellant was charged. The Appellant then entered his guilty pleas with the full understanding of the maximum penalty for each count. Accordingly, Appellant's single assignment of error is not well-taken.
Judgment affirmed.
KENNETH A. ROCCO, P.J., AND DIANE KARPINSKI, J., CONCUR.
Crim. R. 11 — Maximum Penalty — Consecutive Sentences
[1] R.c. 2907.02.