JOURNAL ENTRY and OPINION.
{¶ 1} Appellant challenges the sentences imposed upon him following his entry of pleas of guilty in these cases, which have been consolidated for purposes of appeal. He contends he was denied due process because (a) the court based his sentences on information not of record, (b) the court imposed consecutive terms of imprisonment, and (c) the court did not properly inform him about the mandatory prison term that would be imposed for possession of heroin or about the consecutive term that would be imposed for failure to comply with the order of a police officer. We find no error in the proceedings below, so we affirm.
 PROCEDURAL HISTORY {¶ 2} On September 11, 2000, appellant was indicted for failing to comply with an order or signal of a police officer. Specifically, he was charged with operation of a motor vehicle "so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop," and further, that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." Pursuant to R.C.2921.331(C)(5), this offense was a third degree felony. On October 30, 2000, appellant was also charged in a five count indictment for possession of cocaine and heroin, preparation of cocaine and heroin for sale, and possession of criminal tools. He entered not guilty pleas to all charges in both cases.
 {¶ 3} On October 15, 2001, appellant entered a plea of guilty to the failure to comply charge and to an amended charge of possession of heroin in an amount greater than ten but less than fifty grams. Appellant further agreed to testify for the state in the matter of State v. HowardBartelson, which was scheduled for trial on December 3, 2001. In exchange, the prosecutor agreed to dismiss the remaining charges, to recommend imposition of community control sanctions for failure to comply, and to recommend the minimum sentence of two years' imprisonment for possession of heroin. The court ordered a presentence report and continued the matter to December 6, 2001 for sentencing.
 {¶ 4} Appellant failed to appear for sentencing and failed to comply with the conditions of his plea agreement; as a result, a capias was issued for his arrest. He was ultimately sentenced to a term of three years' imprisonment on the failure to comply charge and to a consecutive term of five years' imprisonment for possession of heroin. In each case, appellant was ordered to pay court costs, and was notified that he would be subject to the possibility of up to three years' post-release control upon his release from prison.
 {¶ 5} At the sentencing hearing, the court reviewed appellant's extensive criminal history, including both adjudications of delinquency as a juvenile and a previous conviction as an adult for various drug offenses. The court noted that appellant had been charged with additional offenses committed while he was out on bond in this case. The court also reviewed the facts underlying the charges. The court found that, based on this record, appellant was not amenable to community control sanctions. With respect to the failure to comply charge, the court further found that the manner in which appellant operated the vehicle created a substantial risk of serious physical harm to persons or property; as a result, imposition of the minimum sentence would demean the seriousness of the offense.
 {¶ 6} The court found that imposition of the minimum sentence for the drug charge would also demean the seriousness of that offense, given the amount of heroin involved. It found that consecutive sentences were necessary to punish the offender and protect the community, that concurrent sentences would not adequately reflect the seriousness of the conduct, that his criminal history showed that consecutive terms were needed to protect the public, and that appellant was out on bond when these crimes were committed.
 {¶ 7} Appellant was given leave to file a delayed appeal in each of these cases, which were consolidated for purposes of briefing, hearing and disposition.
 LAW AND ANALYSIS {¶ 8} Appellant first contends the common pleas court erred by relying on facts outside the record. The facts recited by the court appear in the presentence report, which was requested by appellant's counsel at the plea hearing. At the sentencing, appellant's counsel was asked whether he had any additions, deletions, or corrections to the report. Counsel responded that he found the report to be "substantially correct."
 {¶ 9} Under R.C. 2951.03, "the officer making the [presentence] report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant * * *." Neither the inclusion of these matters in the report nor the court's reliance on it in sentencing the appellant was improper. Therefore, the first assignment of error is overruled.
 {¶ 10} Second, appellant urges that his pleas to each charge were not knowing, intelligent and voluntary. With respect to the drug charge, appellant claims his plea was not knowing, intelligent and voluntary because the court at the plea hearing did not inform him that the offense to which he was pleading guilty required mandatory prison time, nor did the court explain that that term meant he was not eligible for judicial release. With respect to the charge of failure to comply, appellant contends the court did not inform him that the sentence would have to be served consecutively to the sentence imposed in the other case.
 {¶ 11} Criminal Rule 11(C) provides that the court in a felony case "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 12} In determining whether the court has satisfied its duties under Crim.R. 11, the court must first consider whether the subject about which the appellant was to be informed was a constitutional right or a non-constitutional matter. Cleveland v. Wanzo (1998), 120 Ohio App.3d 664. If it is a non-constitutional matter, substantial compliance with Crim.R. 11 is all that is required. More stringent standards apply when the appellant claims he was not informed of a constitutional right. In this case, the matters about which appellant claims he should have been informed are non-constitutional; therefore, we review his the colloquy at his plea hearing for substantial compliance with Crim.R. 11.
 {¶ 13} First, appellant argues that the court did not inform him, before he plead guilty to the drug offense, that he would be required to serve mandatory prison time. At the beginning of the plea hearing, the prosecutor explained the nature of the plea agreement. This explanation specifically indicated that mandatory prison time would be required for the drug offense. Appellant stated that he heard and understood the prosecutor's statement. Thus, appellant was sufficiently informed before he entered his plea that prison time was mandatory for the drug charge.
 {¶ 14} Furthermore, before the court accepted appellant's plea, it encouraged him to "interrupt me at any time if there is anything that you do not understand." Immediately after appellant plead guilty on the drug charge, the court enquired:
 {¶ 15} "THE COURT: You understand that that would be a mandatory term of incarceration of a minimum of two years? Do you understand that?
 {¶ 16} "THE DEFENDANT: Yes."
 {¶ 17} If he had entered his plea moments earlier under a mistaken belief that prison time was not mandatory, he could and should have sought to withdraw his plea immediately. Crim.R. 32.1. See State v.Collins (July 5, 2001), Cuyahoga App. No. 78596.
 {¶ 18} The court substantially complied with Crim.R. 11 by informing appellant that the prison term was mandatory, and did not have to inform him of all of the ramifications of his plea in order to determine that the plea was knowingly, intelligently and voluntarily entered. The legal consequences of a mandatory term of imprisonment are implicit in the term "mandatory," including the fact that the offender is ineligible for probation and judicial release.
 {¶ 19} Appellant also complains that he was not informed that any prison term imposed for failure to comply would be consecutive to the sentence for the drug offense. "Failure to inform the defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." State v. Johnson (1988), 40 Ohio St.3d 130, syllabus. Therefore, we reject this argument.[1]
 {¶ 20} In his third and final assignment of error, appellant argues that the court erred by imposing consecutive sentences on him. He contends the court did not comply with its duty under R.C. 2929.19(B)(2)(C) to make a finding that gives its reasons for imposing consecutive sentences.
 {¶ 21} The common pleas court here made findings toward the discretionary imposition of consecutive sentences under R.C. 2929.14(E)(4) which appellant believes were inadequate. As appellant explained in connection with his second assignment of error, however, R.C. 2921.331(D) mandates the imposition of consecutive sentences if the offender is sentenced to a term of imprisonment pursuant to R.C. 2921.331(C)(5), as appellant was here. R.C. 2929.14(E)(3) reaffirms that consecutive sentences are mandatory in this circumstance. The common pleas court did not make findings stating that its reason for imposing consecutive sentences was the mandate imposed by R.C. 2921.331(D) and 2929.14(E)(3).
 {¶ 22} This court has addressed this issue only once before. InState v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220 78221, this court determined:
 {¶ 23} "Although not specifically addressed by Haamid, we note that the trial court ordered the sentence for failure to comply to run consecutive to the other sentences it imposed. R.C. 2921.331(D) provides that if the trial court sentences the offender pursuant to R.C.2921.331(C)(4) or (D), the trial court shall impose the sentence for failure to comply consecutive to any other sentence imposed upon the offender. To impose a consecutive sentence under the failure to comply charge, the trial court must follow R.C. 2921.331 independently from [R.C. 2929.14(E)(4)]."
 {¶ 24} Since this sua sponte decision in Haamid, other Ohio appellate courts have found that the trial court need not make findings stating its reasons for imposing a mandatory consecutive sentence. SeeState v. Mango, Mahoning App. No. 01 CA 170, 2002 Ohio 6890; State v.Patterson, Butler App. No. CA2001-09-222, 2002 Ohio 5996; State v.Wilson, Clermont App. No. CA2001-09-072, 2002 Ohio 4709; State v. Clark, Hamilton App. No. C-010532, 2002 Ohio 3135 (overruled on other grounds,State v. Brown, Hamilton App. Nos. C-020162, C-020163, C-020164, 2002 Ohio 5983). These courts have noted that R.C. 2929.19(B)(2)(c) apparently requires the court to make findings when it imposes consecutive sentences under section 2929.14, regardless of whether the consecutive sentences are discretionary under R.C. 2929.14(E)(4) or mandatory under R.C. 2929.14(E)(1) through (3). However, as the court stated in Clark, "we refuse to construe R.C. 2929.19(B) to mandate the absurd result of invalidating a sentence imposed by operation of law." We join these courts and hold that a trial court need not make findings stating its reasons for imposing a consecutive sentence where a consecutive sentence is mandatory. Therefore, even if the court did not sufficiently state its reasons for imposing a consecutive sentence under R.C. 2929.14(E)(4), the imposition of consecutive sentences was mandatory and valid under R.C.2929.14(E)(3).
 {¶ 25} Having found no error in the proceedings below, we affirm.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JOSEPH J. NAHRA, J.* concur.
* SITTING BY ASSIGNMENT: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.
[1] We remind counsel of his ethical obligation to disclose to the court controlling legal authority contrary to his client's position. DR 7-106(B)(1); E.C. 7-23. In this connection, we note that counsel has been made aware of Johnson in at least one previous ruling in another case he argued before this court. State v. McGee, 2001 Ohio 4328, Cuyahoga App. No. 77463.