OPINION
{¶ 1} Appellant, Michael Smith, appeals from his conviction for receiving stolen property in violation of R.C. 2913.51(A) pursuant to his guilty plea. Smith's appellate counsel reviewed the record and determined that no arguable issue could be advanced in the appeal pursuant to Anders v. California, 386 U.S. 738 (1967). *Page 2 
 {¶ 2} The trial court sentenced Smith to a term of sixteen months on the receiving stolen property charge, and an additional twelve months pursuant to R.C. 2929.141 for Smith's violation of the terms of his parole.
 {¶ 3} R.C. 2929.141(B) provides as follows:
 {¶ 4} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 [2967.13.1] of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control:
 {¶ 5} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation and a prison term imposed *Page 3 
for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony.
 {¶ 6} "(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony."
 {¶ 7} At the time Smith entered his guilty plea, the trial court asked Smith if he understood that "by entering this plea that parole could be revoked and you could be sentenced on the parole revocation, Sir?" (T. 6.) Smith answered that he understood.
 {¶ 8} The trial court then sentenced Smith in open court to sixteen months on the receiving charge and one year for violating his parole, the sentences to run consecutively. Later, the trial court filed an amended sentencing entry wherein the trial court sentenced Smith to a term of sixteen months "to be served consecutively with the sentence imposed on the parole violation." The amended entry properly reflected the fact that Smith was a parolee and not a releasee. The trial court did not inform Smith that he could receive a consecutive sentence, but the court was not required to do so. State v. Johnson (1988),40 Ohio St.3d 130. The trial court was well within its discretion in imposing a consecutive sentence upon Smith in light of his violation of parole conditions. We agree with Smith's appellate counsel that there is no arguable merit to Smith's appeal.
 {¶ 9} Smith was advised by this Court on October 4, 2007, that his appointed counsel could find no meritorious claim to present for our review. Smith was given sixty days to file his own brief in this matter, but he has not done so.
 {¶ 10} We have independently examined the record in this case and have found *Page 4 
no potential assignment of error having arguable merit. Thus, we find the appeal to be wholly frivolous.
 {¶ 11} Accordingly, the judgment of the trial court is Affirmed.
 WOLFF, P.J., BROGAN, and FAIN, J., concur. *Page 1