DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brandon Whiteside, appeals the judgment of the Summit County Court of Common Pleas, which sentenced him to consecutive sentences. This Court affirms.
 I. {¶ 2} On August 18, 2006, complaints were filed against Whiteside in the Summit County Court of Common Pleas, Juvenile Division, alleging Whiteside to be a delinquent child by reason of one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree if committed by an adult; and one count of murder in violation of R.C.2903.02(A), a felony of an unspecified degree *Page 2 
if committed by an adult. On November 14, 2006, the State filed a motion to relinquish jurisdiction. On November 15, 2006, complaints were filed against Whiteside in the juvenile court, alleging him to be a delinquent child by reason of one count of participating in criminal gang activity in violation of R.C. 2923.42, a felony of the second degree if committed by an adult; one count of possession of drugs (crack cocaine) in violation of R.C. 2925.11(C)(1), a felony of the fifth degree if committed by an adult; one count of possession of drug paraphernalia in violation of R.C. 2925.14, a misdemeanor of the fourth degree if committed by an adult; and one count of possession of drugs (marijuana) in violation of R.C. 2925.11(C)(3), a minor misdemeanor if committed by an adult. On December 4, 2006, the State filed a motion to relinquish jurisdiction.
 {¶ 3} The juvenile court consolidated the matters for probable cause hearing relating to the State's motions to relinquish jurisdiction. The State amended the murder count to one count of attempted murder in violation of R.C. 2903.02(A)/2923.02, a felony of the first degree if committed by an adult. At the conclusion of the hearing, the juvenile court found probable cause that Whiteside had committed the offenses. Because Whiteside was 17 years old at the time of the alleged commission of a category one offense (attempted murder), bindover to the adult court was mandatory. Whiteside was bound over to the Summit County Court of Common Pleas, General Division, on the counts of attempted murder, *Page 3 
felonious assault, participating in criminal gang activity and possession of drugs (crack cocaine).
 {¶ 4} On February 13, 2007, Whiteside was indicted by the Grand Jury on one count of attempted murder (F-1), with a firearm specification in violation of R.C. 2941.145; one count of felonious assault (F-2), with a firearm specification; one count of participating in criminal gang activity (F-2); one count of possession of cocaine (F-5); and one count of possession of marijuana (MM). Whiteside entered a plea of not guilty and the matter was scheduled for trial.
 {¶ 5} In lieu of trial, Whiteside appeared in court on July 19, 2007, and, as a result of plea negotiations, pled guilty as charged to attempted murder and the corresponding gun specification, and to participating in criminal gang activity. The charges of felonious assault and the corresponding gun specification, possession of cocaine and possession of marijuana were dismissed. Prior to accepting the plea, the trial court engaged in colloquy with Whiteside, setting forth the constitutional and statutory rights he would be waiving by entering a plea. Whiteside asserted his understanding of the nature of the charges and possible maximum sentences, as well as the rights he would be waiving.
 {¶ 6} The trial court referred the matter to the Adult Probation Department for a pre-sentence investigation report with victim impact statement. On August 20, 2007, the trial court sentenced Whiteside to 8 years for attempted murder, 3 years for the gun specification and 4 years for participating in criminal gang *Page 4 
activity, with all sentences to run consecutively for a total of 15 years in prison. Whiteside timely appeals, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "[WHITESIDE'S] CONSTITUTIONAL RIGHT TO A FAIR PROCEEDING WAS VIOLATED WHEN THE TRIAL COURT SENTENCED HIM TO CONSECUTIVE SENTENCES WITHOUT NOTIFYING HIM PRIOR TO HIS PLEA THAT CONSECUTIVE SENTENCES COULD BE IMPOSED FOR THE ATTEMPTED MURDER AND PARTICIPATING IN CRIMINAL GANG CHARGES."
 {¶ 7} Whiteside argues that the trial court erred by failing to inform him that he might be sentenced to consecutive sentences on the charges of attempted murder and participating in criminal gang activity. Specifically, Whiteside asserts that his guilty plea to the charges was unknowing and involuntary as not in compliance with Crim.R. 11 because the trial court failed to inform him of the possibility of consecutive sentences. This Court disagrees.
 {¶ 8} The Ohio Supreme Court long ago addressed this issue. The high court stated that Crim.R. 11(C) "fully encompasses [the] procedural requirements established by the United States Constitution" in requiring that the trial court ensure that a criminal defendant has knowingly and voluntarily waived his rights before entering a guilty plea. State v.Johnson (1988), 40 Ohio St.3d 130, 132-33. The Johnson court further stated:
 "[N]either the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant *Page 5 
must be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively." Id. at 133.
In summation, the Ohio Supreme Court held:
 "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R.11(C)(2), and does not render the plea involuntary." Id. at syllabus.
 {¶ 9} In this case, the trial court personally addressed Whiteside to determine whether his plea was knowingly and voluntarily made. Neither Whiteside nor his counsel objected to any informative commentary by the trial court. See Johnson, 40 Ohio St.3d at 131. As "[t]here is no specific requirement in [Crim.R. 11] that an explanation be made that any sentence as given may run consecutively," id. at 134, the trial court did not violate Whiteside's constitutional right to a fair proceeding when it failed to notify him prior to his plea that consecutive sentences could be imposed. Whiteside's sole assignment of error is overruled.
 III. {¶ 10} Whiteside's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, J. MOORE, J. CONCUR. *Page 1