JOURNAL ENTRY and OPINION
{¶ 1} Defendant Aleksandar (we take this spelling from a pro se document) Cvijetinovic pleaded guilty to one count of intimidation; two counts of attempted robbery, each count of which carried a one-year firearm specification; and two counts of aggravated robbery, each count of which carried a three-year firearm specification. The offenses were charged in three different indictments and consolidated for pleading. The court sentenced Cvijetinovic to an aggregate term of sixteen years in prison. This appeal raises four claimed errors in sentencing.
 I {¶ 2} Cvijetinovic first argues that the court failed to inform him that a guilty plea to a firearm specification carried a mandatory sentence. Cvijetinovic concedes that the court informed him that the firearm specifications were "non-probationable," but he insists that the court erroneously informed him that he would be eligible for judicial release after serving five years. He claims this erroneous information rendered his guilty plea unknowing.
 {¶ 3} The court told Cvijetinovic that the aggravated robbery charge was "a non-probationable charge." Yet, when making general remarks about post-release controls, the court told Cvijetinovic that "do you understand that judicial release may not be, you may not be eligible for that until after serving five years of the sentence."
 {¶ 4} Even if we assume without deciding that Cvijetinovic would not have been eligible for judicial release, we cannot find that the court misled him during the plea colloquy. We do not interpret the court's statement about eligibility for judicial release as being the sure thing that Cvijetinovic seems to claim it is. The court used the word "may" — a word which connotes uncertainty rather than certainty. Moreover, it is important to understand that the court engaged in a colloquy with both Cvijetinovic and a codefendant from one of the three cases. The court's statement concerning judicial release may well have applied to the codefendant.
 {¶ 5} But in a larger sense, even were we to find that the court misstated the law as is applied to Cvijetinovic, it would not form a basis for invalidating the guilty plea.
 {¶ 6} The basic premise behind the guilty plea colloquy engaged in between the court and accused is that the accused is entitled to all relevant information that would have a bearing on the decision to plead guilty. As applicable to this case, the colloquy requires the court to determine that the accused is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that the accused is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. See Crim.R. 11(C)(2)(a). There are no magic words to be spoken by the court — the record must only reflect that the court substantially complied with the aforementioned provisions. Statev. Johnson (1988), 40 Ohio St.3d 130, 133. "Substantial compliance" in this respect means that under the totality of the circumstances, the accused subjectively understands the consequences of the plea and the nature of the rights being waived. State v. Nero (1990), 56 Ohio St.3d 106,108, citing State v. Carter (1979), 60 Ohio St.2d 34, 38.
 {¶ 7} Cvijetinovic's argument asks us to believe that he would not have pleaded guilty but for the court's statement about judicial release. This might be a more compelling argument had Cvijetinovic immediately asked for clarification or had he asked the court for permission to withdraw his guilty plea. His failure to do so suggests to us that the argument is based on nothing more than the kind of slavish adherence to technicality with Crim.R. 11 that has been repeatedly rejected by the courts.
 II {¶ 8} Prior to sentencing Cvijetinovic, the court heard from the victim of the intimidation charge. That victim told the court that Cvijetinovic's friends had continued to harass her by giving her telephone number to prisoners in the county jail and that some of those prisoners had called her home. Despite Cvijetinovic's protestations that he did not give the victim's telephone number out to other prisoners, the court expressly relied on the victim's representations when imposing sentence. Cvijetinovic argues that this amounted to the court basing its sentencing decision on personal knowledge that could not be cross-examined by counsel.
 {¶ 9} Because the intimidation offense did not involve any element of physical harm, the court was not required to consider R.C. 2947.051(A) victim impact statements. Nevertheless, R.C. 2930.14(A) gives the court discretion to hear from victims. However, if the victim impact statement contains any "new material facts" the offender must be given the opportunity to respond. See R.C. 2930.14(B).
 {¶ 10} Cvijetinovic cites to our decision in State v. Longo
(1982), 4 Ohio App.3d 136, for the proposition that the court cannot use unassociated offenses or acts as a reference for sentencing. Longo was originally charged with aggravated robbery, possession of criminal tools and carrying a concealed weapon. In exchange for Longo's no contest plea to the concealed weapon charge, the other two charges were dismissed. At the sentencing hearing, the trial judge stated that he believed Longo had been involved in an auto theft ring, and said that he called the owners of a truck alleged to have been involved in the dismissed offenses and concluded that Longo was guilty of auto theft. We held:
 {¶ 11} "Even though the judge conducted his extramural investigation during the sentencing phase (when admittedly a court has more discretionary leeway), he exceeded his authority in telephoning the wife of the vehicle owner at all, and, particularly, in determining what the `husband saw' through the wife's eyes. From this, he drew conclusions obviously crucial to the sentencing decision. In this case, the exact perimeters of sentencing discretion need not be determined. For here the actions of the court went beyond any defensible limit and, in effect, sentenced the defendant for acts neither charged nor proven. An abuse of discretion is clear." Id. at 141.
 {¶ 12} Longo is distinguishable from this case since the court did not go beyond the underlying offense of intimidation. Admittedly, the victim referenced facts that occurred after the events charged in the indictment. Nonetheless, those facts were directly relevant to the court's sentencing since they showed the extent to which Cvijetinovic engaged in intimidation. And since the victim's statement did not include new material facts that would have affected Cvijetinovic's admitted guilt on the intimidation charge, a cross-examination of the victim would have served no useful purpose whatsoever.
 III {¶ 13} Cvijetinovic complains that the court sentenced him, an offender who had not previously served a prison term, to more than the minimum term and to consecutive sentences without first making the requisite findings.
 {¶ 14} When an offender has not previously served a prison term, the court must impose the shortest sentence unless the court finds either that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from further crime by the offender or others. See R.C. 2929.14(B). The court need only state the finding that a minimum sentence is inappropriate, not the reasons in support of the finding. State v. Edmonson (1999),86 Ohio St.3d 324, 328.
 {¶ 15} When sentencing Cvijetinovic, the court noted that "although you have no previous record, that the violence you committed on these two occasions, less than thirty days apart, was the worst form of the crimes that you have pled guilty to." The court did not make any specific reference to not giving Cvijetinovic the minimum sentence.
 {¶ 16} The state concedes that the court did not use any of the phraseology contained within R.C. 2929.14(B). In Edmonson, the supreme court ruled that a trial judge's finding that Edmonson's actions showed "recidivism is likely" was insufficient to state that a sentence greater than the minimum was necessary to protect the public from further crime by the offender. Id.
 {¶ 17} As we understand Edmonson, the supreme court held that no talismanic or magic words are required when deciding to give the offender who had not previously served a prison term more than the minimum, but the court nonetheless has to make a finding on the point. Edmonson was given more than the minimum prison term in words that could arguably support a finding under R.C. 2929.14(B), yet the sentencing court did not actually consider on the record the findings required. In other words, the sentencing court failed to make the express statutory considerations and was reversed, even though statements it did make were arguably enough to support a finding imposing more than the minimum.
 {¶ 18} The same facts apply here. The court made no reference whatsoever to the minimum sentence. While some of its statements might be sufficient to render a finding that the minimum sentence would demean the seriousness of the offense, we cannot apply those statements as a finding under R.C. 2929.14(B).
 {¶ 19} The state urges us to find that the court made the necessary determination in language that was "conceptually equivalent" to that required by the statute because it noted that Cvijetinovic had "no previous record." This is an incomplete reference to the transcript, as the portion of the transcript that we previously quoted shows the court immediately thereafter found that Cvijetinovic committed the worst form of the offense. This phraseology suggests a basis for imposing the maximum sentence under R.C. 2929.14(C) — not for refusing to impose the minimum sentence. We acknowledge that this court has rather consistently (if not completely unanimously) held that a sentencing court which imposes the maximum sentence does not need to first consider the minimum sentence, see State v. Prettyman, Cuyahoga App. No. 79291, 2002-Ohio-1096; State v. Berry (June 14, 2001), Cuyahoga App. No. 78187;State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908; State v.Sherman (May 20, 1999), Cuyahoga App. No. 74297. However, the court here did not impose the maximum sentence, so this line of cases is inapplicable.
 {¶ 20} We therefore find that the court erred by failing to consider whether Cvijetinovic, an offender who had not previously served a prison term, was entitled to the minimum sentence. Although this conclusion does not necessarily moot consideration of the question whether the court erred by imposing consecutive sentences, the court's discretion on resentencing might very well lead it to impose a different sentence on remand; therefore, it would be injudicious for us to comment further on the consecutive sentences other than to trust that the court will fully comply with all applicable sentencing requirements on remand.
Reversed and remanded for resentencing.
This cause is reversed and remanded for resentencing for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS. ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.