OPINION
{¶ 1} Defendant-appellant Jeffrey Allen Colvin [hereinafter appellant] appeals from his August 20, 2002, conviction and sentence in the Richland County Court of Common Pleas on two counts of trafficking in drugs, in violation of R.C. 2925.03. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 7, 2002, appellant was indicted on two counts of trafficking in drugs, specifically crack cocaine, in violation of R.C.2925.03(A). On or about July 8, 2002, a pretrial took place between the prosecuting attorney and appellant's defense counsel. The Court of Common Pleas' criminal docket notes that at the pretrial, the prosecuting attorney was willing to dismiss "one for a plea."
 {¶ 3} On July 16, 2002, the trial court conducted a change of plea hearing. At the conclusion of the hearing, appellant entered a plea of no contest to two counts of trafficking in drugs. The trial court found appellant guilty of the charges. On August 20, 2002, appellant was sentenced to an eight month prison term on each count, for a total of 16 months of incarceration.
 {¶ 4} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court erred, to the prejudice of the appellant, by accepting a no contest plea, which was not knowingly, intelligently and voluntarily entered.
 {¶ 6} "II. The trial court erred in accepting the appellant's plea, as the prosecutor violated the terms of the plea agreement."
 I {¶ 7} In the first assignment of error, appellant contends that the trial court committed prejudicial error when it accepted appellant's no contest plea because the plea was not knowingly, intelligently and voluntarily entered. We disagree.
 {¶ 8} When a defendant enters a guilty plea in a criminal case, the plea must be made "knowingly, intelligently, and voluntarily." Statev. Engle (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. A determination of whether a plea was knowing, intelligent, and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272,595 N.E.2d 351.
 {¶ 9} Criminal Rule 11(C) sets forth the procedure a trial judge must follow when accepting a guilty plea to a felony offense. The underlying purpose of Crim.R. 11 is to assure that a defendant is informed of his constitutional rights so that he or she can make a knowing, voluntary and intelligent decision whether to plead guilty.State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Subsection (C)(2)(a) requires the judge to address the defendant personally and to determine that the defendant is entering his plea voluntarily, with an understanding of the nature of the charge, the maximum penalty involved and, if applicable, that he is not eligible for probation.[1]
 {¶ 10} A trial court must substantially comply with Crim.R. 11(C). State v. Johnson (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474 (citing State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163; State v. Carter (1979),60 Ohio St.2d 34, 38, 396 N.E.2d 757, certiorari denied (1980),445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789.
 {¶ 11} Specifically, appellant claims that the plea was not knowing, voluntary or intelligently given because the trial court did not make it clear to appellant that he was pleading to two charges, instead of one, and because appellant was taking prescription medication. Appellant asserts that the trial court did not inquire of appellant whether the medication affected appellant's ability to make decisions and understand the nature of the charges, the plea agreement and the consequences of entering the plea.
 {¶ 12} The following discourse occurred at the sentencing hearing:[2]
 {¶ 13} "THE COURT: Mr. Colvin, you're before the Court charged with two counts of trafficking drugs. We've gone through your constitutional rights. Are you ready to proceed with an admission in this case? It's my understanding the State said they're willing to dismiss one count.
 {¶ 14} "MR. STUDENMUND: No, Judge.
 {¶ 15} "THE COURT: Is that changed?
 {¶ 16} "MR. STUDENMUND: Yes. Can we approach?
 {¶ 17} "MR. STUDENMUND: Yes. Because of the new charge, our position is he has to plead as charged to this case and we would forego indicting him on the new case.
 {¶ 18} (Discussion held off the record.)
 {¶ 19} "THE COURT: Mr. Colvin, the State's indicating they have a new charge they do have [sic] and they can proceed against you. They're willing to not proceed on that charge on the condition that you kind of fess up to this case and make an admission. Is that your understanding of the matter?
 {¶ 20} "MR. COLVIN: Yes, sir.
. . .
 {¶ 21} "THE COURT: Mr. Cockley, any question in your mind that any plea Mr. Colvin would make would be of his own free will?
 {¶ 22} "MR. COCKLEY: I think, Judge, I would agree it would be of his own free will at a point in time that he is ready to do it. I'm speaking, as you can tell by the tone of my voice, with a little bit of reservation. He has expressed a desire to have his psychiatrist or psychologist here at the time of his change of plea.
 {¶ 23} "It is my opinion that maybe he's worried more about the sentence that the prosecutor has recommended .Have I accurately reflected your thoughts on this?
 {¶ 24} "MR. COLVIN: Yes.
 {¶ 25} MR. COCKLEY: And that it was your request or desire that the Court consider all the factors before adopting the prosecutor's recommendations; is that fair to say, Mr. Colvin?
 {¶ 26} "MR. COLVIN: Yeah.
 {¶ 27} "THE COURT: "Well, we'll certainly take a look at whatever is submitted to us, including any psyche exam, or whatever. The question at this time, Mr. Colvin, is whether or not any plea that you make would be voluntarily made. The charge is trafficking, two counts of fourth degree felony. You could be sentenced to a penal institution on these charges up to a total of three years. You could be fined up to $10,000. Your driver's license has to be suspended, if you have one, for up to six months to five years, minimum of six months, maximum of five years .Any question in your mind about the possible maximum penalty in this matter?
 {¶ 28} "MR. COLVIN: No sir.
 {¶ 29} "THE COURT: Anyone you want to talk to about this case or the Court about prior to making an admission to these charges?
 {¶ 30} "MR. COLVIN: I just want to speak with my doctor.
 {¶ 31} "THE COURT: I'm sorry?
 {¶ 32} "MR. COLVIN: I want to speak with my doctor, because I've been on medication for over a year. That's what I'm telling you.
 {¶ 33} "THE COURT: We're not going to be able to put a hedge in here and say gee, I didn't get a chance to talk to my doctor before making a plea. That's not going to work. The issue is not your doctor's issue or your attorney's issue. It's your issue. Do you understand what's going on here today?
 {¶ 34} "MR. COLVIN: I understand.
 {¶ 35} "THE COURT: Of course you understand. You're the one making a plea, not your doctor. We'll talk to your doctor about what might be in your head or whatever you might want to talk about. But whether or not you make a plea is a determination between you and me, whether or not you know what's going on and whether or not I accept your plea.
 {¶ 36} "Once I accept it, it's over. You can't come back and say I didn't get to talk to my doctor. No, it doesn't work that way at all. You've already had that opportunity. The question now is are you ready to proceed with a plea on these charges?
 {¶ 37} "MR. COLVIN: Yeah.
 {¶ 38} "THE COURT" All right. Two counts of trafficking, each a felony four. Possible 18 months on each charge, total of 36 months. Possible fine of up to $10,000 being up to 5,000 on each charge. Mandatory driver's license suspension of up to five years. What is your plea to these two charges?
 {¶ 39} "MR. COCKLEY: One second, Judge.
 {¶ 40} "(Discussion between Mr. Cockley and the Defendant.)
 {¶ 41} "THE COURT: Mr. Colvin, what is your plea of these two charges?
 {¶ 42} "MR. COLVIN: No contest ."
 {¶ 43} "THE COURT: I have the [written] admission of guilt and judgment entry in case number 2002-CR296H, State of Ohio verses Jeffrey Allen Colbin. No contest plea to two counts of trafficking .
 {¶ 44} "[The] [f]orm indicates the State is aware of other pending felony charges against the Defendant at this time and that they will not be proceeding on the sexual charge that had been — that had been brought up previously. The State is also saying they're recommending a 12 month sentence, that they would oppose early release. The Court determines sentencing as we said in the past. Form's been initialed and signed by the Defendant.
 {¶ 45} "You've come before the Court, pled no contest and made your admission of guilt in this matter both orally and in writing. Anybody said or done anything to force you to make these pleas again [sic] your will?
 {¶ 46} "MR. COLVIN: No." Transcript of Proceedings, pgs. 8-15. (Emphasis added).
 {¶ 47} In reviewing the record in this case as a whole, we find that the plea was knowingly, voluntarily and intelligently entered by appellant. In this case, we first note that appellant was represented by counsel. Further, the record indicates that appellant was made aware of a problem with the prior agreement to dismiss one of the charges and that the court made appellant aware that he was being asked to plead to two charges.[3] As to appellant's medication, the record reflects that the trial court questioned appellant's attorney about whether appellant was making the plea of his own free will. The attorney responded in a way that indicates that appellant was able to enter a plea in a knowing, voluntary and intelligent way, if appellant chose to enter such a plea. Although the attorney and appellant mentioned appellant's desire to have a doctor present, that desire seemed to be based on sentencing concerns rather than appellant's ability to enter a plea.
 {¶ 48} A review of the entire transcript of the change of plea hearing reflects that appellant was asked a detailed set of questions concerning his change of plea and the consequences of his plea. Appellant answered each question asked of him clearly and never indicated that he did not understand the questions or that he was confused. Thus, there is no indication that medication interfered with appellant's ability to make a knowing, intelligent and voluntary plea. The trial court made it sufficiently clear that appellant was pleading to two charges and there is no indication that the medication interfered with his ability to make a knowing, intelligent and voluntary plea.
 {¶ 49} Appellant's first assignment of error is overruled.
 II {¶ 50} In the second assignment of error, appellant argues that the prosecutor violated the terms of the plea agreement. We disagree.
 {¶ 51} Plea agreements are contractual in nature, and in order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. See State v. Artiste (Mar. 20, 1998), Scioto App. No. 96CA2471. "[D]ue process requires the state to honor any promise or representation it makes to induce a guilty plea by a defendant." Statev. Ford (Feb. 18, 1998), Lawrence App. No. 97CA32 (citing Santobello v.New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427). When a valid plea agreement is breached by the state, the trial court, within its sound discretion, may either allow the negotiated plea to be withdrawn, or may require the state to fulfill its end of the bargain.State v. Matthews (1982), 8 Ohio App.3d 145, 456 N.E.2d 539.
 {¶ 52} Appellant claims that there was a plea agreement by which appellant agreed to plead to one of the two trafficking charges of and, in exchange, the State would dismiss the other trafficking count.[4]
Appellant asserts that the plea agreement was breached. Appellant also argues that the State had agreed to recommend a twelve month sentence and failed to make such a recommendation.
 {¶ 53} However, a review of the record does not support appellant's arguments. As held above, at the time appellant entered a plea appellant had been informed that the prior plea offer had been changed and that appellant was being offered a plea agreement that required him to enter a plea to two counts of trafficking in drugs. Thus, the plea offer was changed before appellant entered a plea. Appellant was free to refuse to enter a plea to the new offer. The record demonstrates that appellant actually entered an agreement by which appellant would enter a plea to two counts of drug trafficking and the State would not indict appellant on a charge of a sexual nature involving a minor victim. There is no contention that the agreement upon which appellant was actually induced to enter a plea was breached.
 {¶ 54} Appellant also claims that the State promised to recommend a 12 month sentence but failed to do so. However, the record reflects that the trial court was aware that the State was recommending a 12 month sentence. The trial court read into the record the Admission of Guilt/Judgment Entry which stated that the State was recommending a 12 month sentence as part of the plea agreement. Thus, the State made a recommendation, albeit in writing, that appellant be sentenced to a 12 month sentence.
 {¶ 55} In conclusion, we find no breach of the plea agreement to which appellant entered his plea of no contest.
 {¶ 56} Appellant's second assignment of error is overruled.
 {¶ 57} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Edwards, J., Gwin, P.J. and Farmer, J. concur.
[1] Criminal Rule 11(C)(2), which sets forth the duties imposed upon a trial court in accepting guilty or no contest pleas, provides in part:
"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved and, if applicable, that he is not eligible for probation.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
[2] The discourse provided is only an excerpt of the entire dialogue between the trial court and appellant.
[3] Appellant's understanding that he was pleading to two charges is also borne out by the written Admission of Guilt/Judgment Entry signed by appellant. That document indicates that appellant was entering a plea to two counts of trafficking in drugs and states that "No promises have been made to me as part of this plea agreement except: will not indict on charge of unlawful sexual conduct with a minor — Recommend 12 month sentence; will oppose early release."
[4] Appellant points this court to the trial court's criminal docket's July 8, 2002 entry which notes the following: "Pretrial — [appellant] has new case coming — Resch [sic] all cases together — PA willing to dismiss one for plea."